■ MELODYE ICART, Respondent, v PETER M. ICART, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.) ordering, inter alia, equitable distribution of the parties' marital property, entered September 20, 1990 in Ulster County, upon a decision of the court.

At issue on this appeal is the propriety of Supreme Court's determination of the manner in which the parties' marital property should be equitably distributed in the judgment of divorce. The sole marital asset consists of the marital residence and several rental cottages in the Town of Shandanken, Ulster County. The judgment directs that the property be sold and that 83.5% of the net proceeds be distributed to plaintiff and the remainder (16.5%) to defendant.

The parties purchased the property for $77,000 in 1984. Plaintiff paid the $50,000 downpayment from funds she had received as an inheritance upon her father's death, which concededly constituted her separate property (see, Domestic Relations Law § 236 [B] [1] [d] [1]). Plaintiff also paid closing costs of $4,291.24 out of her separate property. The seller held a mortgage in the amount of $27,000 and plaintiff made payments on the mortgage totaling $806.28 out of her separate property. The parties thereafter paid the remaining principal balance of the mortgage, $26,664.47, out of their joint checking account. Supreme Court concluded that of the $81,761.99 paid for the property, plaintiff contributed $55,097.52 or 67%. The remaining 33% was found to have come from joint funds, so that plaintiff was considered to have contributed an additional 16.5%, for a total of 83.5% of the cost of acquiring the property. In view of evidence that defendant was unemployed for a substantial period of time following the parties' purchase of the property and contributed little in money, time or labor to the maintenance of the premises,

distribution of the marital asset in accordance with the parties' relative economic contribution was proper (see, Guarnier v Guarnier, 155 AD2d 744). Having so concluded, we need not consider the propriety of the alternative method used by Supreme Court to arrive at the same result.

Defendant contends that because the mortgage was satisfied out of funds provided by defendant's mother, Supreme Court erred in failing to treat the contribution as having come from defendant's separate property. There is, however, ample evidence in the record that the funds provided by defendant's mother constituted a gift or loan to both parties that came to them by reason of the marriage (see, Ackley v Ackley, 100 AD2d 153, lv dismissed 63 NY2d 605), particularly because the funds were placed in a joint account and used to satisfy a joint debt (see, Brown v Brown, 148 AD2d 377, 382). In contrast, the funds inherited by plaintiff were not placed in a joint account but were kept by plaintiff in a separate account. At best, defendant's evidence created a credibility issue which Supreme Court properly resolved in plaintiff's favor (see, Mink v Mink, 163 AD2d 748).

The record supports Supreme Court's factual findings and, therefore, the judgment must be affirmed.

Mikoll, J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.