■ CAROL A. IAQUINTO, Respondent-Appellant, v ANTHONY G. IAQUINTO, Appellant-Respondent. [670 NYS2d 572] —In an action for a divorce and ancillary relief, (1) the defendant former husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Weiner, J.), entered January 22, 1997, which, after a nonjury trial, inter alia, (a) limited the plaintiff former wife's obligation for child support to $50 per month, (b) directed him to pay maintenance of $175 per week to the plaintiff for 10 years, (c) directed him to pay counsel fees of $21,272 to the plaintiff, and (d) directed him to maintain two life insurance policies naming the plaintiff as beneficiary and to pay one-half of the cash value of certain life insurance policies to the plaintiff, and (2) the plaintiff cross-appeals from stated portions of the judgment, which, inter alia, failed to award equitable distribution of certain property, and, in effect, held that two John Hancock life insurance policies were sufficient to cover periodic payments to the plaintiff of $15,000 per year until the defendant attains the age of 76.

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, by (1) deleting the fourth and fifth decretal paragraphs thereof, which directed the plaintiff to pay $50 per month in child support, (2) deleting the provi-

sions of the sixth and seventh paragraphs thereof which directed the defendant to pay maintenance of $175 per week for a period of 10 years and substituting therefor provisions requiring that the defendant pay maintenance of $175 per week for five years, (3) deleting the provisions of the tenth decretal paragraph thereof which directed the liquidation and equal distribution of the cash value of the two John Hancock life insurance policies, and substituting therefor a provision directing the defendant to pay the plaintiff one-half of the cash value of those policies out of his share of the other marital assets, (4) deleting the eighth decretal paragraph thereof and substituting therefor a provision directing the defendant to maintain two John Hancock life insurance policies on his own life, plus additional insurance, for a total amount of $150,000, unencumbered, naming the plaintiff as his irrevocable beneficiary until he reaches the age of 76 years and directing the defendant to provide the plaintiff with proof of such insurance, and (5) adding provisions thereto awarding the plaintiff $7,533.71, representing her equitable share of the retroactive payment of the defendant's nondisability pension benefits, and $712.50 representing one-half of a security deposit; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a new determination of the amount of child support to be paid by the plaintiff, and to calculate the arrears, if any, of child support; and it is further,

Ordered that pending that new determination, the plaintiff shall continue to pay the defendant child support in the amount of $50 per month; and it is further,

Ordered that the defendant's time to provide the plaintiff with proof of insurance is extended until 60 days after service upon him of a copy of this decision and order, with notice of entry.

The evidence in the record established that at the time of trial, the defendant was retired and collecting pension benefits in an amount of approximately $50,000 per year. The disability portion of that amount was approximately $20,000 and the nondisability portion was approximately $30,000. The plaintiff, who is a high school graduate, was employed full-time at the time the parties were married, and was employed at least part-time during much of the marriage. From 1987 until 1995, the plaintiff was employed by a business which was jointly owned by her and the defendant. When that business ceased operation, she collected unemployment insurance benefits, which she

was still receiving at the time of trial (*see,* Labor Law § 591 [2]). Although she was experiencing physical and emotional problems at the time of the trial, the Supreme Court found, based upon the evidence presented, that she "is capable of finding suitable employment". Nevertheless, the court awarded her maintenance in the amount of $175 per week for a period of 10 years. Under the circumstances, we find that an award of maintenance for a period of 5 years is appropriate.

The Supreme Court awarded the defendant child support of $50 per month or $600 per year for the parties' one remaining minor child, born March 31, 1978. In reaching this determination, it only considered the plaintiff's maintenance of $9,100 per year (*see, Matter of Baldino v Baldino,* 232 AD2d 480). However, it is unclear from the record how the determination of $600 per year, based upon income of $9,100 per year, was reached. If the court chooses to deviate from the guidelines, it is required to set forth its reasons (*see,* Domestic Relations Law § 240 [1-b] [g]). We further note that the plaintiff's annual share of the nondisability portion of the defendant's pension benefits and her unemployment insurance benefits should have been included in the computation of her gross income (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [iii] [C], [F]). Since it is unclear from the record how the Supreme Court arrived at the child support award, we remit the issue of child support to the Supreme Court for a new determination.

That portion of the judgment which required the defendant to maintain the two John Hancock life insurance policies and to liquidate and distribute the cash value of these policies, is inherently inconsistent and conflicts with a prior order of the court dated November 8, 1996, which stated that the defendant shall maintain the two policies and pay the plaintiff one-half the cash value of the policies from his share of other marital assets. Accordingly, we modify the judgment so as to be consistent with the order (*see, Pauk v Pauk,* 232 AD2d 386, 390-391).

The John Hancock life insurance policies are insufficient to ensure payment to the plaintiff of the portion of the defendant's pension which was awarded to her. To provide the plaintiff with some protection in the event the defendant dies prematurely, we direct the defendant to maintain a life insurance policy with a total face value of $150,000, naming the plaintiff as irrevocable beneficiary, until he reaches 76 years of age.

We agree with the plaintiff's contentions that she is entitled to a share of the nondisability portion of the defendant's retroactive pension payment, since that portion constitutes marital

property (*see, Hartog v Hartog,* 85 NY2d 36, 49). The plaintiff is entitled to $7,533.71, representing one-half of the nondisability portion of that retroactive payment. Further, the plaintiff is entitled to one-half of a $1,425 security deposit which the defendant placed upon an apartment upon leaving the marital residence, since there is no evidence that that $1,425 was other than marital property (*see, Seidman v Seidman,* 226 AD2d 1011).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.