NINA A. CHADWICK, Respondent, v HARRIS A. CHADWICK, Appellant. [684 NYS2d 119] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Contrary to defendant's contentions, Supreme Court adequately set forth in its decision the factors it considered and the reasons for the award of maintenance to plaintiff (*see*, Domestic Relations Law § 236 [B] [6] [b]) and the equitable distribution of the parties' property (*see*, Domestic Relations Law § 236 [B] [5] [g]). We reject defendant's contention that the court erred in awarding maintenance. "Questions of maintenance are addressed to the sound discretion of the trial court" (*Torgersen v Torgersen*, 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709), and the court properly exercised that discretion in the instant case. We further reject defendant's contention that the court erred in its distribution of the parties' property. The court "has great flexibility in fashioning an equitable distribution of marital assets" (*Torgersen v Torgersen, supra*, at 1023), and "there is no requirement that the distribution of each item of marital property be on an equal or 50-50 basis" (*Arvantides v Arvantides*, 64 NY2d 1033, 1034). Thus, the court did not err in declining to award defendant a 50% interest in plaintiff's negligible retirement benefits. The court properly precluded defendant from presenting evidence tracing the origin of stocks held jointly by the parties to his separate property on the ground that, in response to plaintiff's discovery demand, defendant stated that he claimed no separate property. Defendant also made no request for child support, and in the unique circumstances presented by the instant case, no award of child support was warranted.

The judgment must be modified, however, because the record contains no proof supporting the amount of the award of counsel fees to plaintiff. No evidentiary hearing was required because the parties stipulated that the matter would be determined by the court upon counsels' affidavits. No such affidavits, however, appear in the record. We therefore vacate

the amount of the award of counsel fees, and we remit the matter to Supreme Court for a determination of the amount of counsel fees based upon proper proof (*see, Matthews v Matthews*, 238 AD2d 926, 927; *Moses v Moses*, 231 AD2d 850). (Appeal from Judgment of Supreme Court, Chautauqua County, Ward, J.—Matrimonial.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.