■ JOAN TEABOUT, Respondent, v CHARLES TEABOUT, SR., Appellant. [703 NYS2d 571] —Spain, J. Appeal from a judgment of the Supreme Court (Best, J.), entered October 5, 1998 in Montgomery County, which denied defendant any equitable interest in the marital residence, after a hearing.

The parties were married in 1971 and have three children. In 1974 they purchased a house in both their names for $8,000. Plaintiff's father paid the $2,000 down payment and cosigned for the remaining $6,000 mortgage. In 1976 plaintiff suffered a stroke and had to stop working. That same year defendant moved out of the house and never lived there regularly again, although he returned intermittently. During the course of the next 15 years defendant lived with a girlfriend, with whom he had four children, and then alone.

Plaintiff and the parties' children received public assistance from 1976 until 1982, when she returned to work. Defendant failed to pay child support to plaintiff, for which he was incarcerated. In 1995, Supreme Court calculated that he owed plaintiff in excess of $32,000 in child support. Over the years upwards of $16,000 was paid by plaintiff's father for improvements to the house and, although it was disputed by defendant, plaintiff and her father paid most of the mortgage payments and taxes. In 1989 defendant suffered a stroke which has left him disabled and unable to work. He is presently collecting Social Security disability benefits.

In 1992 plaintiff commenced this divorce action and, upon defendant's default, a judgment of divorce was made and entered in 1995. Defendant's motion to vacate the default was granted—on stipulation—but only to the extent of granting defendant an evidentiary hearing on the equitable distribution of the marital residence. At the conclusion of the hearing, at which both parties testified, Supreme Court held that plaintiff was entitled to 100% of the marital residence. Defendant appeals.

We affirm. "Equitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion" (*Munson v Munson*, 250 AD2d 1004, 1004; *see, Carpenter v Carpenter*, 202 AD2d 813, 814). Among the factors to be considered in awarding equitable distribution is "any other factor which the court shall expressly find to be just and proper" (Domestic Relations Law § 236 [B] [5] [d] [13]), including "considerations of fairness" (*Munson v Munson, supra*, at 1004).

Here, Supreme Court considered, *inter alia*, defendant's failure to support his family from early in the marriage, which eventually caused them to go on welfare. Supreme Court discredited defendant's testimony and credited plaintiff's testimony in finding that defendant abandoned his family, that he did nothing to increase the equity in the house by way of mortgage payments, taxes or improvements, that he squan-

dered any money he earned through gambling and substance abuse and that a judgment taken against him resulted in a $1,782 lien on the house.

Although the down payment on the house appears to have been marital property (*see, Strang v Strang*, 222 AD2d 975, 976-977; *Icart v Icart*, 186 AD2d 918, 919), Supreme Court was fully justified in determining that, in fairness, plaintiff should be awarded the entire house based upon defendant's neglectful conduct (*see,* Domestic Relations Law § 236 [B] [5] [d] [11]; *Icart v Icart, supra,* at 918-919; *Mahlab v Mahlab,* 143 AD2d 116; *see also, Kozlowski v Kozlowski,* 221 AD2d 322; *Conceicao v Conceicao,* 203 AD2d 877; *Mahon v Mahon,* 129 AD2d 684). In addition, defendant's failure to contribute to the improvements on the house justified precluding him from obtaining any credit for the appreciation of the property (*see, Mahlab v Mahlab, supra*). According deference to Supreme Court's determination that defendant "contributed nothing to the marriage and nothing to the house which was the asset of the marriage"—which reflects its assessment of the parties' credibility (*see, Matter of Russo v Russo,* 257 AD2d 926, 927)—we conclude that the distribution of the entire house to plaintiff was clearly not an abuse of discretion.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.