■ PAMELA C. SOLOMON, Appellant-Respondent, v MICHAEL SOLOMON, Respondent-Appellant. [723 NYS2d 709] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Richmond County (DiMango, J.), dated January 11, 2000, as, after a non-jury trial, declined to award her a share of the defendant husband's MBA degree, awarded her maintenance of only $1,200 per month for six months, awarded child support of only $1,735 per month, in effect, denied her application for retroactive child support, and awarded her only $17,750 for an attorney's fee, and the defendant husband cross-appeals, as limited by his brief, from so much of the same judgment as awarded the plaintiff wife maintenance and an attorney's fee, and failed to grant him a distributive award to compensate for the bank accounts that the plaintiff wife retained.

Ordered that the judgment is modified by deleting therefrom the provision which, in effect, denied the plaintiff wife's application for retroactive child support and substituting therefor a provision granting the application; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine the amount of retroactive child support owed by the defendant to the plaintiff.

The Supreme Court properly declined to award the plaintiff any part of the value of the defendant's MBA degree, and cor-

rectly distributed the other marital assets (*see, Duspiva v Duspiva,* 181 AD2d 810). The evidence indicated that the parties separated their financial affairs and the plaintiff failed to adduce any evidence that she made a noneconomic contribution to further the defendant's studies.

The Supreme Court also properly awarded maintenance of $1,200 per month for six months and counsel fees of $17,750 to the plaintiff, based on her circumstances and the defendant's means (*see,* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

The Supreme Court's determination to award $1,735 per month in child support was proper (*see,* Domestic Relations Law § 240-c; *Matter of Cassano v Cassano,* 85 NY2d 649, 653). However, the Supreme Court erred in declining to award retroactive child support. Contrary to the Supreme Court's conclusion, it should have calculated the retroactive child support using the same percentages that it used to calculate prospective child support, in the absence of any evidence that to do so would be improper. Accordingly, the matter is remitted to the Supreme Court, Richmond County, for calculation of the appropriate retroactive child support (*see, Matter of Jones v Jones,* 239 AD2d 419; *Otto v Otto,* 207 AD2d 530). O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.