■ GEORGE PRASINOS, Respondent, v TASIA PRASINOS, Appellant. (Appeal No. 1.) [725 NYS2d 258] —Judgment unanimously affirmed without costs. Memorandum: It is well established that "[e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion" (*Munson v Munson,* 250 AD2d 1004; *see, Teabout v Teabout,* 269 AD2d 719, 720; *Ackley v Ackley,* 100 AD2d 153, 156, *lv dismissed* 63 NY2d 605). It is evident from the record that Supreme Court took into consideration the relevant factors enumerated in Domestic Relations Law § 236 (B) (5) (d) in declining to make any equitable distribution of the marital property (*see, Butler v Butler,* 256 AD2d 1041, 1042, *lv denied* 93 NY2d 805). With respect to this marriage of short duration, the court properly determined that defendant failed to offer any proof to establish that the value of plaintiff's separate property increased during the marriage and that any increase in value of the separately owned property was attributable to defendant's efforts in order to entitle defendant to a share of that increase (*see generally, LaBarre v LaBarre,* 251 AD2d 1008).

The amount and duration of maintenance are also matters left to the sound discretion of the trial court (*see, Majauskas v Majauskas,* 61 NY2d 481, 494; *Lo Maglio v Lo Maglio,* 273 AD2d 823, 824, *appeal dismissed* 95 NY2d 926; *Wittig v Wittig,* 258 AD2d 883, 883-884). Considering the short duration of the marriage, the age of defendant and her ability to be self-supporting, the court did not abuse its discretion in refusing to award defendant any maintenance (*see, Goddard v Goddard,* 256 AD2d 545, 546; *Schor v Schor,* 97 AD2d 460).

Defendant also contends that the pendente lite order of January 12, 1999, directing defendant to pay interim rent for her use of the marital residence, was erroneous. The propriety of that order is not reviewable on this appeal (*see, Samuelsen v Samuelsen,* 124 AD2d 650, 651; *Caplin v Caplin,* 33 AD2d 908, 909). "An order awarding pendente lite relief is only designed to provide temporary relief pending disposition of the matter in a final judgment" (*Flynn v Flynn,* 128 AD2d 583, 584; *see, Batson v Batson,* 277 AD2d 750). Contrary to the further contention of defendant, the court properly granted plaintiff judgment for the amount of the unpaid rent. (Appeal from Judgment of Supreme Court, Monroe County, VanStrydonck, J.—Matrimonial.) Present—Pigott, Jr., P. J., Green, Kehoe, Burns and Lawton, JJ.