CHARLES McPHEETERS, Appellant, v CYNTHIA McPHEETERS, Respondent. (Appeal No. 1.) [726 NYS2d 530] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly confirmed the Referee's report, which took into account the factors set forth in Domestic Relations

Law § 236 (B) (5) (d) (*see,* Domestic Relations Law § 236 [B] [5] [g]; *see also, Cooper v Cooper,* 217 AD2d 904, 905; *Gorzalkowski v Gorzalkowski,* 190 AD2d 1067). The court did not abuse its discretion in the equitable distribution of marital property and properly ordered that the parties' pensions be divided using the *Majauskas* formula (*see, Majauskas v Majauskas,* 61 NY2d 481). "It is well established that '[e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion' " (*Prasinos v Prasinos* [appeal No. 1], 283 AD2d 913, quoting *Munson v Munson,* 250 AD2d 1004; *see, Teabout v Teabout,* 269 AD2d 719, 720). We reject plaintiff's contention that the court erred in failing to find that defendant had dissipated assets. "With respect to the dissipation of [property], plaintiff's claims are conclusory and rely on the credibility of the parties, and in such circumstances we shall afford the trial court great deference" (*Butler v Butler,* 256 AD2d 1041, 1044, *lv denied* 93 NY2d 805). The court did not abuse its discretion in awarding counsel fees to defendant based on its findings that plaintiff was the "moneyed spouse" and that plaintiff's failure to pay maintenance as ordered resulted in protracted litigation. Because plaintiff refused to provide the court with information about the survivor option on his pension, the court properly ordered plaintiff to obtain a life insurance policy naming defendant as the beneficiary, in order "[t]o provide the [defendant] with some protection in the event the [plaintiff] dies prematurely" (*Iaquinto v Iaquinto,* 248 AD2d 676, 678; *see,* Domestic Relations Law § 236 [B] [8] [a]).

We reject the further contention of plaintiff that the court erred in appointing a receiver for the marital residence without notice or a hearing. Domestic Relations Law § 243 does not require either notice or a hearing, and we conclude that "the record establishes that this remedy [was] necessary and appropriate" (*Rogers v Rogers,* 190 AD2d 720, 721). By failing to address in his brief any issue with respect to the propriety of a restraining order on his bank account, plaintiff has abandoned any such issue on appeal (*see, Ciesinksi v Town of Aurora,* 202 AD2d 984). (Appeal from Judgment of Supreme Court, Erie County, O'Donnell, J.—Matrimonial.) Present—Pine, J. P., Wisner, Kehoe and Burns, JJ.