LOIS F. NILAND, Respondent, v PATRICK B. NILAND, Appellant. [737 NYS2d 214] —Appeal from a judgment of Supreme Court, Monroe County (Lunn, J.), entered December 29, 2000, which, inter alia, granted plaintiff a divorce.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the amount of money listed in defendant's Dreyfus account from $14,088.18 to $1,488.18, thereby reducing the total amount of the marital assets to $444,319.66 and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court for further proceedings in accordance with the following memorandum: We reject defendant's contention in this matrimonial action that Supreme Court erred in disregarding the stipulated date of valuation when determining the value of marital assets. Defendant's transfer of assets in contemplation of the matrimonial action without

fair consideration "is an express factor which must be considered in making an award of equitable distribution" (*Baker v Baker*, 188 AD2d 710, 710-711; *see,* Domestic Relations Law § 236 [B] [5] [d] [12]; *see also, Matwijczuk v Matwijczuk*, 261 AD2d 784, 786). The court therefore properly "charge[d defendant] accordingly" for that improper transfer of assets by considering the sum of money withdrawn by defendant in contemplation of the matrimonial action as a marital asset even though that sum did not appear on the balance statements for the stipulated date of valuation (*Matwijczuk v Matwijczuk, supra* at 786; *see, Kleinman v Kleinman*, 289 AD2d 18; Thomas v Thomas, 221 AD2d 621, 622; *see also, Di Bella v Di Bella*, 140 AD2d 292, 292-293).

We further reject defendant's contention that the court abused its discretion in awarding plaintiff 60% of the marital assets. The court "has great flexibility in fashioning an equitable distribution of marital assets" (*Torgersen v Torgersen*, 188 AD2d 1023, 1023, *lv denied* 81 NY2d 709; *see, Chadwick v Chadwick*, 256 AD2d 1211), and " 'its judgment should be upheld absent an abuse of discretion' " (*Prasinos v Prasinos*, 283 AD2d 913, 913, quoting *Munson v Munson*, 250 AD2d 1004, 1004). Furthermore, "it is well settled that equitable distribution does not require equal distribution" (*Bossard v Bossard*, 199 AD2d 971, 971; *see, Lawton v Lawton*, 239 AD2d 866, 866-867; *see also, Arvantides v Arvantides*, 64 NY2d 1033, 1034). Based on its determination of credibility, the court found that plaintiff made "significantly greater financial contributions" to the marriage as well as "significant contributions to the development of [defendant's] business." We see no reason to disturb that finding (*see, McPheeters v McPheeters*, 284 AD2d 968, 969), and the court's distribution of the marital assets based on those significantly greater contributions was not an abuse of discretion.

Based on plaintiff's concession that there was a typographical error in the judgment with respect to the amount of money in defendant's Dreyfus account, we modify the judgment by reducing that amount from $14,088.18 to $1,488.18, and thus reducing the total amount of the marital assets to $444,319.66. We remit the matter to Supreme Court to recalculate the total judgment amount owed to plaintiff. Present—Pine, J.P., Scudder, Kehoe, Burns and Gorski, JJ.