■ PATRICIA A. TURNER, Respondent, v SHERMAN L. TURNER, Appellant. (Appeal No. 1.) [759 NYS2d 421] —Appeal from a judgment of Supreme Court, Erie County (Makowski, J.), entered November 20, 2001, which, inter alia, equitably distributed the parties' marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: "It is well established that '[e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion'" (*Prasinos v Prasinos*, 283 AD2d 913, 913 [2001]; *see Niland v Niland*, 291 AD2d 876 [2002]). We perceive no abuse of discretion in this case. Where, as here, the equitable distribution of the parties' assets depends on an assessment of the credibility of the parties, Supreme Court's determination should be accorded great deference (*see Carlson-Subik v Subik*, 257 AD2d 859, 862 [1999]; *see also McPheeters v McPheeters*, 284 AD2d 968, 969 [2001]).

Contrary to the contention of defendant with respect to the order in appeal No. 2, the court properly denied his motion to "reopen," which was treated by the court as a motion to renew or to reopen the proceedings. Whether denominated a motion to renew or to reopen, defendant failed to establish that there was any newly discovered evidence (*see Shapiro v Shapiro*, 151

AD2d 559, 560-561 [1989]) or to provide a reasonable justification for his failure to submit such evidence during the trial (*see Orlando v Rubersi Sales*, 255 AD2d 802, 804 [1998]; *see also* CPLR 2221 [e] [3]; *Giardina v Parkview Ct. Homeowners' Assn.*, 284 AD2d 953 [2001], *lv dismissed* 97 NY2d 700 [2002]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.