■ WESLEY T. McALLISTER, Respondent, v PATRICIA J. McALLISTER, Appellant. (Appeal No. 1.) [775 NYS2d 655]—

Appeal from a judgment of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered October 8, 2002. The judgment, among other things, dissolved the marriage between the parties, directed defendant to pay maintenance and awarded counsel fees to plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing plaintiff's share of the net proceeds of the sale of the marital residence by $1,739.78 and as modified the judgment is affirmed without costs.

Memorandum: We reject defendant's contention that Supreme Court improperly awarded maintenance to plaintiff. "Questions of maintenance are addressed to the sound discretion of the trial court" (*Torgersen v Torgersen,* 188 AD2d 1023, 1024 [1992], *lv denied* 81 NY2d 709 [1993]), and that discretion was properly exercised in this case. Contrary to defendant's contention, the court considered the pertinent statutory factors (*see* Domestic Relations Law § 236 [B] [6] [a]) and fashioned a fair and equitable award. The court also properly exercised its discretion in awarding counsel fees to plaintiff (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]). We agree with defendant, however, that the distributive award must be modified. The record establishes that plaintiff received a workers' compensation settlement of $18,319.71 and contributed $16,000 of that settlement toward the repair of the marital residence. The court erroneously awarded plaintiff the entire settlement amount from the net proceeds of the sale of the marital residence, rather than the amount of separate property actually contributed by plaintiff, i.e., $16,000. We therefore modify the judgment by reducing plaintiff's share of the net proceeds of the sale of the marital residence by $1,739.78. That sum represents the differ-

ence between the workers' compensation settlement and plaintiff's contribution of separate property ($2,319.71), multiplied by 75%, defendant's share of the marital portion of the net proceeds of the sale of the marital residence. Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.