■ MARIANNE J. KELLY, Respondent-Appellant, v JOHN M. KELLY, Appellant-Respondent. (Appeal No. 1.) [797 NYS2d 666]—

Appeal and cross appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), entered December 31, 2003 in a divorce action. The judgment, among other things, granted plaintiff a divorce, awarded sole custody of the two minor children to plaintiff and directed defendant to pay maintenance and child support.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating subparagraph H of the fourth decretal paragraph and the amounts awarded in the 10th decretal paragraph and by providing that maintenance and child support shall be retroactive to July 1, 2002 and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals and plaintiff purportedly cross-appeals from a judgment of absolute divorce. Defendant in his brief on appeal expressly objects to plaintiff's reliance on the record on appeal prepared by defendant. No motion was made to consolidate the appeals, nor does it appear from the record before us that the parties or their attorneys stipulated to the consolidation of the appeals (*see* 22 NYCRR 1000.4 [b] [1]). In the exercise of our discretion, however, we deem the appeals consolidated and address the merits of the cross appeal (*cf. Azzab v Makita Elec. Works*, 206 AD2d 496 [1994]; *Lynn v McDonnell Douglas Corp.*, 134 AD2d 328, 328-329 [1987]). In appeal No. 2, defendant appeals from an order that, inter alia, directed him to pay maintenance and child support arrears from July 2003 through January 2004 in the amount of $13,625.13.

Defendant contends that Supreme Court (Valentino, J.), erred in issuing a pendente lite order requiring him to pay temporary child support and maintenance on the grounds that plaintiff did not seek that relief and the order was the result of a hearing that was held before defendant's time to appear in the divorce action had expired. "The propriety of [the pendente lite] order

is not reviewable on this appeal" (*Prasinos v Prasinos*, 283 AD2d 913, 914 [2001]). In any event, even if we assume, arguendo, that the court erred in issuing the pendente lite order, we would nevertheless conclude that defendant is not entitled to any relief as a result thereof. The judgment provided for maintenance and child support in an amount greater than that provided for in the pendente lite order, and the amount awarded in the judgment was retroactive to a date before the effective date of the pendente lite order. Thus, the pendente lite order was rendered moot by the judgment.

With respect to appeal No. 1, defendant next contends that Supreme Court (Valentino, J.), erred in awarding custody of the parties' children to plaintiff. At trial, defendant stipulated to an award of custody to plaintiff, and the court denied his subsequent request to withdraw that stipulation. On appeal, defendant relies on Domestic Relations Law § 236 (B) (3) in support of his contention that the stipulation was invalid. That reliance is misplaced, however, because "[t]he requirements of Domestic Relations Law § 236 (B) (3) pertain to stipulations which effect the equitable distribution of marital property" (*Charland v Charland*, 267 AD2d 698, 699 [1999]). Here, the stipulation pertained to custody and was binding pursuant to CPLR 2104. In any event, we note that the court allowed the parties to submit evidence on the issue of custody and the court, independent of defendant's stipulation, determined that the evidence at trial established that the best interests of the children warranted an award of custody to plaintiff. That determination has a sound and substantial basis in the record and thus will not be disturbed (*see Matter of Green v Mitchell*, 266 AD2d 884 [1999]). We agree with defendant, however, that there is no basis in the record for the court's restriction of defendant's visitation with the children to New York unless plaintiff agrees in writing to permit defendant to remove the children from New York. We therefore modify the judgment by vacating subparagraph H of the fourth decretal paragraph.

Contrary to defendant's contention in appeal No. 1, the court did not abuse its discretion in awarding maintenance to plaintiff and properly set forth the factors it considered in determining the amount of that award (*see* Domestic Relations Law § 236 [B] [6] [a] [1]-[10]; *Anderson v Anderson*, 286 AD2d 967, 969 [2001]). Contrary to defendant's further contention, the court did not err in calculating the amount of child support to be paid by defendant. The court properly applied the statutory percentage to that portion of the combined parental income exceeding $80,000 and set forth its reasons for doing so (*see generally* Do-

mestic Relations Law § 240 [1-b] [c] [3]; *Matter of Cassano v Cassano*, 85 NY2d 649, 654-655 [1995]). Nevertheless, we agree with plaintiff that the court erred in ordering that maintenance and child support shall be retroactive to July 26, 2002, rather than July 1, 2002, the date on which the action was commenced (*see Burns v Burns*, 84 NY2d 369, 377 [1994]; *Schiffer v Schiffer*, 16 AD3d 662 [2005]), and we agree with defendant that the court erred in its calculation of maintenance and child support arrears. In calculating arrears, the court must take into account any temporary maintenance and child support that has been paid (*see* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]). Here, the evidence established that defendant paid plaintiff $6,200 in July 2002 and $4,400 in August 2002, but the court did not consider those payments in determining the amount of arrears owed by defendant. We thus further modify the judgment by vacating the amounts awarded for arrears in maintenance and child support and retroactive maintenance and child support and by providing that maintenance and child support shall be retroactive to July 1, 2002, and we remit the matter to Supreme Court to recalculate those amounts from July 1, 2002 through June 2003.

The court did not abuse its discretion in the equitable distribution of marital property (*see McPheeters v McPheeters*, 284 AD2d 968, 969 [2001]). The court "has great flexibility in fashioning an equitable distribution of marital assets" (*Torgersen v Torgersen*, 188 AD2d 1023, 1023 [1992], *lv denied* 81 NY2d 709 [1993]). In addition, the court properly ordered defendant to obtain life insurance during the periods in which he is responsible for maintenance and child support (*see* Domestic Relations Law § 236 [B] [8] [a]). Defendant's contentions regarding the income deduction orders are moot because those orders are no longer in effect.

With respect to appeal No. 2, we agree with defendant that Supreme Court (Renzi, A.J.) erred in its calculation of "support arrears" for the period from July 2003 through January 2004. Contrary to defendant's contention, the arrears calculated in the judgment were through only June 2003, not November 2003. We agree with defendant, however, that there was an overlap with respect to the retroactive sum of $26.66 per month for the period from July 2003 through November 2003. However, in view of the scope of the remittal in appeal No. 1, that overlap shall not recur. Upon our review of the record, we conclude that plaintiff presented insufficient evidence to support the amount of arrears ordered by the court for the period from July 2003 through January 2004. We therefore modify the order by vacat-

ing the amount awarded in the first ordering paragraph and the amount of the judgment in the second ordering paragraph, and we remit the matter to Supreme Court to recalculate support arrears for the period from July 2003 through January 2004.

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.