■■ WENDY SCHIFFMACHER, Respondent, v PETER M. SCHIFF-MACHER, Appellant. [801 NYS2d 848]—

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), entered June 22, 2004. The judgment, inter alia, equitably distributed the marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by providing in the eighth decretal paragraph that plaintiff is awarded 20% of the value of defendant's enhanced earning capacity and as modified the judgment is affirmed without costs.

Memorandum: On appeal from a judgment in this divorce action, defendant contends that Supreme Court erred in awarding plaintiff 70% of the value of the parties' investment and savings accounts. We reject that contention. It is well settled that the provision in Domestic Relations Law § 236 (B) (5) (c) that marital property be "distributed equitably between the parties" does not require equal distribution (*see Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]). In the absence of an abuse of discretion, we will not disturb the court's equitable distribution of

that marital property (*see Bossard v Bossard,* 199 AD2d 971 [1993]; *Elkaim v Elkaim,* 176 AD2d 116, 119 [1991], *appeal dismissed and lv dismissed* 78 NY2d 1072 [1991]). Here, the record establishes that the court properly considered the factors set forth in Domestic Relations Law § 236 (B) (5) (d), including the fact that plaintiff's contributions to the parties' investments were significantly greater than defendant's contributions (*see Niland v Niland,* 291 AD2d 876, 877 [2002]).

We further reject the contention of defendant that the court erred in determining the value of his master's degree in business administration. "The value of [the degree] may be measured by simply comparing the average lifetime income of a college graduate and the average lifetime earnings of a person holding such a [degree] and reducing the difference to its present value" (*McSparron v McSparron,* 87 NY2d 275, 286 [1995], *rearg dismissed* 88 NY2d 916 [1996]). Plaintiff's expert utilized that method in determining the value of defendant's degree, and defendant presented no expert testimony that would support a different valuation. We agree with defendant, however, that the court erred in awarding plaintiff one half of the value of defendant's enhanced earning capacity arising from the degree. In light of plaintiff's modest contributions to defendant's degree, we conclude that the court should have awarded plaintiff only 20% of the value of defendant's enhanced earning capacity (*see generally Farrell v Cleary-Farrell,* 306 AD2d 597, 599 [2003]; *Barbuto v Barbuto,* 286 AD2d 741, 743 [2001]; *Brough v Brough,* 285 AD2d 913, 916 [2001]). We therefore modify the judgment accordingly.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.