■ MOLLY A. MCBRIDE-HEAD, Respondent, v TIMOTHY P. HEAD, Appellant. [804 NYS2d 170]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), entered November 17, 2003 in a divorce action. The judgment, among other things, awarded counsel fees, maintenance and child support to plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision that the parties shall equally divide the

Mutual of New York account valued as of the date of trial and as modified the judgment is affirmed without costs.

Memorandum: Contrary to defendant's contention in this divorce action, Supreme Court did not abuse its discretion in awarding counsel fees to plaintiff in the amount of $10,000, in light of the disparity in the incomes of the parties and the conduct of defendant in prolonging the litigation (*see O'Shea v O'Shea*, 93 NY2d 187, 193 [1999]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Wipperman v Wipperman*, 277 AD2d 1040, 1041 [2000]). Defendant failed to preserve for our review his contention that the court erred in including in the award of counsel fees those fees incurred by plaintiff in Family Court proceedings and, in any event, defendant's contention lacks merit. Defendant acknowledged that the Family Court proceedings were ancillary to this divorce action when, upon defendant's application, the matters raised in the Family Court proceedings were transferred to Supreme Court (*see Richards v Richards*, 189 AD2d 1025, 1027 [1993]).

Similarly, the court did not abuse its discretion in awarding maintenance to plaintiff and properly set forth the factors it considered in determining the amount of that award (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 52 [1995]; *Kelly v Kelly*, 19 AD3d 1104, 1106 [2005]). Contrary to defendant's further contention, the court did not err in calculating the amount of child support to be paid by defendant. The court properly applied the statutory percentage to that portion of the combined parental income exceeding $80,000 and set forth its reasons for doing so (*see* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653-654 [1995]; *Kelly*, 19 AD3d at 1106-1107).

We agree with defendant, however, that the record does not support the court's valuation of his Mutual of New York money market account at $9,023.16. Although the parties agreed that the account contained that amount as of January 31, 2001, plaintiff did not refute defendant's trial testimony that the parties used that money to purchase a van in the spring of 2001 and that there was no remaining money in the account at the time of trial. We therefore modify the judgment accordingly. We otherwise conclude that the court properly distributed the marital property, consistent with its broad power to fashion an equitable distribution of marital assets (*see* Domestic Relations Law § 236 [B] [5] [d]; *Kelly*, 19 AD3d at 1107; *Turner v Turner*, 305 AD2d 1087 [2003]). "[I]t is well settled that equitable distribution does not require equal distribution" (*Niland v Niland*, 291 AD2d 876, 877 [2002]). Present—Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.