■ LOIDA M. BOOTH, Respondent, v RONALD BOOTH, Appellant. [807 NYS2d 259]—

Appeal from a judgment of the Supreme Court, Livingston County (Gerard J. Alonzo, Jr., A.J.), entered July 15, 2004 in a divorce action. The judgment, inter alia, awarded plaintiff maintenance.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from a judgment of divorce, defendant contends that Supreme Court erred in awarding plaintiff maintenance in the form of ordering defendant to make plaintiff's car payments. We reject that contention. It is well settled that " '[t]he amount and duration of maintenance are matters committed to the sound discretion of the trial court' " (*Smith v Smith*, 2 AD3d 1344, 1345 [2003], quoting *Francis v Francis*, 262 AD2d 1065, 1066 [1999]; *see Smith v Smith*, 306 AD2d 908, 909 [2003]), and here we perceive no abuse of discretion (*see Smith*, 2 AD3d at 1344-1345; *Smith*, 306 AD2d at 909). The record establishes that defendant has steady employment and receives supplemental income from Air Force disability payments and rental properties. In addition, defendant receives Social Security payments for each child based on plaintiff's disability and plaintiff has been ordered to pay child support to defendant. On the other hand, plaintiff's income consists of Social Security disability payments and minimal wages from part-time employment at a fast-food restaurant. Although her income exceeds her expenses, plaintiff has health problems that affect the stability of her employment.

We likewise conclude that the court did not abuse its discretion in its equitable distribution of the marital property by awarding defendant 70% and plaintiff 30% of the marital assets. "It is well established that '[e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion' " (*Prasinos v Prasinos*, 283 AD2d 913, 913 [2001], quoting *Munson v Munson*,

250 AD2d 1004, 1004 [1998]; *see Turner v Turner*, 305 AD2d 1087 [2003]). Even where, as here, defendant contributed most of the family's support and was the primary caretaker of the children, an award of 30% of the marital assets to plaintiff is not an abuse of discretion (*see e.g. Schiffmacher v Schiffmacher*, 21 AD3d 1386 [2005]; *Hathaway v Hathaway*, 16 AD3d 458, 459-460 [2005]; *Niland v Niland*, 291 AD2d 876, 877 [2002]). Present—Pigott, Jr., P.J., Green, Pine, Lawton and Hayes, JJ.