■ SUSAN M. SAYLOR, Respondent, v KIM E. SAYLOR, Appellant. [822 NYS2d 197]—

Appeal from a judgment of the Supreme Court, Monroe County (David M. Barry, J.), entered May 26, 2005 in a divorce action. The judgment, among other things, awarded plaintiff maintenance.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this action for divorce, defendant appeals from a judgment that, insofar as pertinent to this appeal, awarded plaintiff maintenance of $950 per month for a period of 9¹/₂ years or until plaintiff's remarriage or the death of either party, distributed certain marital assets and debt, and directed defendant to pay $6,750 toward plaintiff's counsel fees. Contrary to defendant's contention, Supreme Court "properly set forth the factors it considered in determining the amount [and duration]" of the maintenance award (*McBride-Head v Head*, 23 AD3d 1010, 1011 [2005]; *see Kelly v Kelly*, 19 AD3d 1104, 1106 [2005], *appeal dismissed* 5 NY3d 847 [2005], *rearg denied and lv dismissed in part and denied in part* 6 NY3d 803 [2006]; *McAllister v McAllister*, 6 AD3d 1141 [2004]). Moreover, the court did not abuse its discretion in awarding maintenance to plaintiff in the amount and duration specified (*see Booth v Booth*, 24 AD3d 1238 [2005]; *McBride-Head*, 23 AD3d at 1011; *Anderson v Anderson*, 286 AD2d 967, 969 [2001]). The record establishes that the parties were married for 30 years, that defendant was the primary breadwinner throughout the marriage, that plaintiff stayed at home with the children or worked part-time for most of the marriage, thereby delaying her career prospects, and that there is a large disparity in the incomes of the parties. Similarly, we conclude that the court adequately addressed the statutory factors bearing on its equitable distribution of certain marital assets (*see Schiffmacher v Schiffmacher*, 21 AD3d 1386, 1387 [2005]; *Chadwick v Chadwick*, 256 AD2d 1211 [1998]; *see generally Prasinos v Prasinos*, 283 AD2d 913 [2001]), and the court did not abuse its discretion in ordering defendant to pay one half of plaintiff's credit card debt and in denying defendant's request to receive a credit for one half of a joint account liquidated by plaintiff to pay for the wedding of

the parties' daughter (*see McPheeters v McPheeters*, 284 AD2d 968 [2001]; *Chadwick*, 256 AD2d at 1211).

Finally, given the relative financial circumstances of the parties and the relative merits of their positions before and at trial, the court did not abuse its discretion in ordering defendant to pay $6,750 toward plaintiff's counsel fees (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Solomon v Solomon*, 282 AD2d 666 [2001]; *Mica v Mica*, 275 AD2d 765 [2000]). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.