EVELYN D. OLIVER, Respondent, v BENJAMIN F. OLIVER, Appellant. [894 NYS2d 287]—

Appeal from a judgment of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered June 22, 2007 in a divorce action. The judgment, among other things, distributed the marital assets.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing in the third decretal paragraph that the proceeds from the liquidation of the parties' real property shall be applied equally to the credit card/vendor debt and the educational debt and that the parties shall be jointly responsible for the educational debt, by providing in the fifth decretal paragraph that the balance of the mortgage payments due to the parties on the former marital property shall be divided equally between the parties, and by providing in the sixth decretal paragraph that maintenance shall terminate on plaintiff's 62nd birthday and as modified the judgment is affirmed without costs.

Memorandum: In this action seeking a divorce and ancillary relief, defendant husband appeals from a judgment that, inter alia, distributed the marital assets and awarded maintenance to plaintiff wife. It is well settled that " '[e]quitable distribution presents issues of fact to be resolved by the trial court, and its

judgment should be upheld absent an abuse of discretion' " (*Prasinos v Prasinos*, 283 AD2d 913, 913 [2001]; *see Booth v Booth*, 24 AD3d 1238 [2005]). We agree with defendant that Supreme Court abused its discretion in awarding plaintiff all of the mortgage payments owed to the parties by the purchasers of property that the parties sold during their marriage. The evidence in the record, including the testimony of both parties, establishes that they jointly owned the property, that they both contributed to its maintenance and operation, and that they both agreed to take the mortgage as part of the purchase price of the property. Consequently, the balance of the mortgage payments due shall be divided equally between the parties. We therefore modify the judgment accordingly. It is also well settled that trial courts "are granted substantial discretion in determining what distribution of marital property[—including debt—] will be equitable under all the circumstances" (*McKeever v McKeever*, 8 AD3d 702, 702 [2004] [internal quotation marks omitted]). Here, however, it is undisputed that the parties agreed that they each would contribute to their children's education, and they arranged to do so by having plaintiff use her credit cards to support the children in college, while defendant cosigned for the children's student loans and made the payments on those loans. We thus conclude that the court abused its discretion in directing that the proceeds from the liquidation of the parties' real property be applied first to the credit card/ vendor debt and then to the educational debt, with any remaining educational debt to be paid solely by defendant. We therefore further modify the judgment accordingly.

We reject the remainder of defendant's contentions concerning the equitable distribution of the marital assets and debts. Defendant is correct that a court's distribution of marital assets may be an abuse of discretion in the event that a court directs that marital assets are to be used to pay debt that was incurred for personal purposes unrelated to the marriage (*see Godfryd v Godfryd*, 201 AD2d 927, 928 [1994]; *see also McKeever*, 8 AD3d at 703; *Jonas v Jonas*, 241 AD2d 839, 840 [1997]), and that, here, the court agreed with defendant that plaintiff engaged in "economic misconduct or malfeasance." The court further determined, however, that defendant also engaged in such conduct and balanced defendant's conduct against that of plaintiff. Inasmuch as defendant does not address that part of the court's determination with respect to his own conduct, we see no basis upon which to disturb the court's conclusion that the credit card debt should be paid using marital assets.

Contrary to defendant's further contention, the court properly

set forth the factors it considered in determining the amount and duration of the maintenance award (*see McBride-Head v Head*, 23 AD3d 1010, 1011 [2005]; *Kelly v Kelly*, 19 AD3d 1104, 1106 [2005], *appeal dismissed* 5 NY3d 847, 6 NY3d 803 [2005]). "Moreover, the court did not abuse its discretion in awarding maintenance to plaintiff in the amount and duration specified" (*Saylor v Saylor*, 32 AD3d 1358, 1359 [2006]). We note, however, that the court specified in its decision that maintenance shall terminate upon the 62nd birthday of plaintiff, whereas the judgment specifies that maintenance shall terminate upon her 67th birthday. Where, as here, there is a conflict between the court's decision and judgment, the decision controls (*see Pauk v Pauk*, 232 AD2d 386, 390-391 [1996], *lv dismissed* 89 NY2d 982 [1997]; *Green v Morris*, 156 AD2d 331, 331-332 [1989], *lv denied* 75 NY2d 705 [1990], *rearg denied* 75 NY2d 1005 [1990]; *see generally Matter of Christina M.*, 247 AD2d 867 [1998], *lv denied* 91 NY2d 812 [1998]; *Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]). We therefore further modify the judgment accordingly.

Finally, plaintiff did not take a cross appeal from the judgment and thus is precluded from obtaining the affirmative relief that she seeks (*see Millard v Alliance Laundry Sys., LLC*, 28 AD3d 1145, 1148 [2006]; *see generally Hecht v City of New York*, 60 NY2d 57, 61 [1983]). Present—Scudder, P.J., Martoche, Smith, Carni and Green, JJ.