# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**78**

**CA 13-01257**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

LAKEISHA WILLIAMS, INDIVIDUALLY AND AS NEXT
FRIEND OF JAVON WILLIAMS, THERESA ANDERSON,
INDIVIDUALLY AND AS NEXT FRIEND OF AVERY
ANDERSON AND CARTER ANDERSON, AND WALIDA LORDE,
INDIVIDUALLY AND AS NEXT FRIEND OF KALIYAH LORDE,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

GLADYS CARRIÓN, IN HER OFFICIAL CAPACITY AS
COMMISSIONER OF NEW YORK STATE OFFICE OF CHILDREN
AND FAMILY SERVICES, DEFENDANT-RESPONDENT.

---

EMPIRE JUSTICE CENTER, ALBANY (SUSAN C. ANTOS OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Monroe County (Ann Marie Taddeo, J.), entered November 26, 2012. The
judgment, among other things, granted defendant's cross motion for
summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the first decretal
paragraph and granting judgment in favor of defendant as follows:

It is ADJUDGED and DECLARED that 18 NYCRR 415.3 (e) (3)
is not violative of Social Services Law § 410-x (1) or (6),
and does not violate plaintiffs' constitutional right to
travel or their right to equal protection of the law,

and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this class action seeking
declaratory and injunctive relief on behalf of low-income families who
are eligible for child care assistance but who are required to pay
more than 10% of their respective gross incomes for such care. The
second amended complaint alleges that defendant's copayment
regulation, 18 NYCRR 415.3 (e), violates Social Services Law § 410-x
(1) and (6) because it does not provide for a single sliding fee
scale; the existing sliding fee scales used to determine a family's
share of child care costs are not based on the family's ability to

pay; and the regulation fails to provide equitable access to child care as required by statute. The second amended complaint also challenges the copayment regulation on constitutional grounds, alleging that it violates plaintiffs' right to travel within the state and their right to equal protection of the law. Following discovery, plaintiffs moved for, inter alia, summary judgment seeking a declaration that the copayment regulation is invalid, and defendant cross-moved for summary judgment dismissing the second amended complaint. We conclude that Supreme Court properly denied the motion and granted the cross motion. We note, however, that the court erred in "dismissing the [second amended] complaint rather than declaring the rights of the parties" (*Alexander v New York Cent. Mut.*, 96 AD3d 1457, 1457; *see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954), and we therefore modify the judgment accordingly.

The challenged regulation authorizes social services districts across the state to select a multiplier between 10% and 35% to use in the formula for calculating the share of child care costs allocated to eligible families (*see* 18 NYCRR 415.3 [e] [3]). An eligible family's weekly share is calculated by subtracting the state income standard for the specific family size, i.e., the federal poverty level income, from the eligible family's gross income, multiplying the difference by a factor of between 10% and 35% (hereafter, multiplier), and then dividing that amount by 52. Plaintiffs contend that the regulation violates Social Services Law § 410-x (1), which provides that each social services district shall expend its allocation of child care funds "in a manner that provides for equitable access." We reject that contention.

As defendant points out and plaintiffs do not dispute, the amount of funds for child care available to each social services district is finite and, inasmuch as all of the allocated funds must be expended, districts have no financial incentive to increase the multiplier. Although increasing the multiplier in a particular district decreases the subsidy to each eligible family, it allows more families to be served by the district's limited resources. Conversely, a decrease in the multiplier, and a corresponding increase in the subsidy, reduces the number of families eligible for assistance. We conclude that the copayment regulation provides for "equitable access" to child care assistance, as required by Social Services Law § 410-x (1). Although similarly situated families in different districts may pay different amounts for child care under the regulation, equitable does not necessarily mean equal (*see generally McBride-Head v Head*, 23 AD3d 1010, 1011); rather, equitable is defined as "[j]ust; consistent with principles of justice and right" (Black's Law Dictionary 617 [9th ed 2009]). In our view, the principles of equity and justice are not violated by a district choosing to use its limited funds to serve more families through a lower subsidy, rather than fewer families through a higher subsidy.

Plaintiffs further contend that the copayment regulation violates Social Services Law § 410-x (6) because it does not provide for a single sliding fee scale, as required by statute, and instead allows each of the 58 social services districts to set its own sliding fee

scale.  We reject that contention as well.  "It is well settled that the Legislature may authorize an administrative agency 'to fill in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation' " (*Raffellini v State Farm Mut. Auto. Ins. Co.*, 9 NY3d 196, 201; *see Matter of Medical Socy. of State of N.Y. v Serio*, 100 NY2d 854, 865).  "In so doing, an agency can adopt regulations that go beyond the text of that legislation, provided they are not inconsistent with the statutory language or its underlying purposes" (*Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib.*, 2 NY3d 249, 254).  An agency's interpretation of a governing statute will not be disturbed unless it is unreasonable or irrational (*see Goodwin v Perales*, 88 NY2d 383, 392).

Here, section 410-x (6) delegates regulatory authority to the Office of Children and Family Services, of which defendant is Commissioner, by providing that, "[p]ursuant to department regulations, child care assistance shall be provided on a sliding fee basis based on the family's ability to pay."  The statute does not expressly require defendant to adopt a single state-wide sliding fee scale, and we do not consider it unreasonable or irrational for defendant to adopt a regulation that gives flexibility to social services districts to choose a multiplier between 10% and 35% to use in calculating an eligible family's share of child care costs.

Plaintiffs' constitutional challenges are similarly unavailing.  The right to travel does not guarantee that an individual moving to a new location will have the same benefits that he or she received at the former location.  Instead, it simply "insure[s] new residents the same right to vital government benefits and privileges in the [social services district] to which they migrate as are enjoyed by other residents" (*Califano v Gautier Torres*, 435 US 1, 4 [internal quotation marks omitted]).  The copayment regulation at issue here does not treat newcomers to a district differently from people who already reside there.  Plaintiffs' right to travel within the state is therefore not implicated.  Moreover, the regulation does not run afoul of the equal protection clause of the State or Federal Constitution inasmuch as it is supported by a rational basis (*see generally Affronti v Crosson*, 95 NY2d 713, 720, *cert denied* 534 US 826), namely, giving flexibility to social services districts to determine how to allocate finite child care resources.  We note that, in "the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws [or regulations] are imperfect" (*Dandridge v Williams*, 397 US 471, 485; *see Goodwin*, 88 NY2d at 398).

Entered:  May 2, 2014                        Frances E. Cafarell
                                             Clerk of the Court