Paige v Paige (2018 NY Slip Op 04156)





Paige v Paige


2018 NY Slip Op 04156


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


590 CA 17-01588

[*1]LYNN PAIGE, PLAINTIFF-RESPONDENT,
v
ROBERT PAIGE, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






LAW OFFICE OF MAURICE J. VERRILLO, P.C., ROCHESTER (MAURICE J. VERRILLO OF COUNSEL), FOR DEFENDANT-APPELLANT.
DUKE LAW FIRM, P.C., LAKEVILLE (SUSAN K. DUKE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered January 19, 2017. The judgment, inter alia, distributed the marital assets of the parties. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the value of the life insurance policy that defendant is required to obtain with plaintiff as the sole beneficiary from $600,000 to $25,000 and directing defendant to maintain that policy until plaintiff has received her share of defendant's deferred compensation benefits without penalty and as modified the judgment is affirmed without costs.
Memorandum: In appeal No. 2, defendant appeals from a judgment of divorce that, inter alia, distributed marital property and directed defendant to purchase life insurance in the amount of $600,000 with plaintiff as the sole beneficiary. In appeal No. 3, defendant appeals from an order awarding plaintiff attorney's fees.
In appeal No. 2, we reject defendant's contention that Supreme Court erred in distributing the marital property. "It is well settled that [e]quitable distribution presents issues of fact to be resolved by the trial court, and its judgment should be upheld absent an abuse of discretion" (Wagner v Wagner, 136 AD3d 1335, 1336 [4th Dept 2016] [internal quotation marks omitted]; see McPheeters v McPheeters, 284 AD2d 968, 969 [4th Dept 2001]). Here, the court did not abuse its discretion by failing to credit defendant's trial testimony with respect to equitable distribution of marital property inasmuch as defendant admitted that he hid significant assets during his prior divorce and bankruptcy proceedings, and that he violated the automatic order in effect during the pendency of the instant action by taking distributions from his deferred compensation plan, purchasing property, and removing plaintiff from his health insurance plan after the commencement of the divorce. With respect to defendant's contention that certain funds were separate property, we conclude that he "failed to trace the source of the funds . . . with sufficient particularity to rebut the presumption that they were marital property" (Scully v Scully, 104 AD3d 1137, 1138 [4th Dept 2013] [internal quotation marks omitted]).
We agree with defendant, however, that the court abused its discretion in ordering him to purchase a life insurance policy in the amount of $600,000 with plaintiff as the sole beneficiary. Inasmuch as the purpose of ordering a party to obtain life insurance is "to ensure that the spouse or children will receive the economic support for payments that would have been due had the payor spouse survived" (Mayer v Mayer, 142 AD3d 691, 696 [2d Dept 2016], lv dismissed 28 NY3d 1100 [2016], lv denied 29 NY3d 918 [ 2017]), we conclude that the amount of insurance that was ordered is excessive. We therefore modify the judgment in appeal No. 2 by reducing the value of the life insurance policy that defendant is required to obtain with plaintiff as the sole beneficiary from $600,000 to $25,000, and by directing that defendant maintain that policy until plaintiff has received her share of defendant's deferred compensation benefits without penalty [*2](see generally Domestic Relations Law § 236 [B] [8] [a]).
Finally, in appeal No. 3, we reject defendant's challenge to the award of attorney's fees to plaintiff. Inasmuch as defendant's violations of the automatic order that was in effect during the pendency of the action "resulted in protracted litigation" (McPheeters, 284 AD2d at 968), we conclude that the court did not abuse its discretion in awarding plaintiff attorney's fees for expenses incurred as a result of defendant's violations of that order.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court