■ RALPH N. RABICE, Respondent, v RALPH E. RABICE, Appellant. [648 NYS2d 416] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, McCarthy, J. (Appeal from Judgment of Supreme Court, Oneida County, McCarthy, J.—Constructive Trust.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.

■ DENNIS W. MOSES, Appellant, v JUDITH ANN MOSES, Respondent. [647 NYS2d 318] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly determined that defendant is entitled to a credit of $5,739.81 for separate property that she contributed to the downpayment on the former marital residence (*see, Glazer v Glazer*, 190 AD2d 951). The court erred, however, in deducting the amount of that credit from plaintiff's share of the marital estate. We modify the judgment, therefore, by directing that $5,739.81 be credited to defendant before the marital estate is distributed (*see, Burns v Burns*, 193 AD2d 1104, 1106, *mod on other grounds* 84 NY2d 369; Scheinkman, 1995 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:8, 1996 Supp Pamph, at 48).

We further modify the judgment by vacating the award of attorney's fees. "Attorney's fees should not be awarded without conducting a hearing or requiring proof by affidavit substantiating the attorney's fees requested" (*Latona v Latona*, 210 AD2d 899). The record contains no proof supporting the award of attorney's fees to defendant. We, therefore, remit the matter to Supreme Court for a determination regarding attorney's fees based upon proper proof (*see, Latona v Latona, supra*).

We reject plaintiff's contention that the court erred in awarding maintenance. The court's decision reflects a consideration of the pertinent statutory factors (*see*, Domestic Relations Law § 236 [B] [6] [a] [1], [2], [3], [4], [7], [11]), and the award strikes "an appropriate balance between defendant's need and plaintiff's ability to pay" (*Shew v Shew*, 193 AD2d 1142, 1143). (Appeal from Judgment of Supreme Court, Chautauqua County, Cass, Jr., J.—Equitable Distribution.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.