■ COLLEEN A. MATTHEWS, Respondent, v ROBERT E. MATTHEWS, Appellant. [661 NYS2d 115].—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting plaintiff a divorce on the ground of cruel and inhuman treatment. Plaintiff presented evidence that, on one occasion during the parties' 14-year marriage, defendant pushed her into a wall and grabbed her around the throat. She further testified that her relationship with defendant was lacking in communication and sexual intimacy and that she sought counseling to help her cope with the deterioration of the marriage. That proof "establishes, at best, only strained relations and incompatibility which are insufficient to sustain a divorce

based on cruel and inhuman treatment" (*Green v Green*, 127 AD2d 983; *see, Wikiera v Wikiera*, 233 AD2d 896). "[A] divorce cannot be granted simply because the court concludes that there is a 'dead marriage' " (*Brady v Brady*, 64 NY2d 339, 346, quoting *Warguleski v Warguleski*, 79 AD2d 1107).

Because the divorce was improperly granted, those parts of the judgment that directed distribution of the marital property must be vacated (*see, Marciano v Marciano*, 161 AD2d 1163, 1164, *lv denied* 76 NY2d 707). The award of counsel fees to plaintiff must also be vacated because the record contains no proof supporting that award. "Attorney's fees should not be awarded without conducting a hearing or requiring proof by affidavit substantiating the attorney's fees requested" (*Latona v Latona*, 210 AD2d 899). We therefore remit the matter to Supreme Court for a determination regarding attorney's fees based upon proper proof (*see, Moses v Moses*, 231 AD2d 850; *Latona v Latona, supra*).

We reject defendant's contention that the award of maintenance is excessive in duration and amount. "Questions of maintenance are addressed to the sound discretion of the trial court" (*Torgersen v Torgersen*, 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709). That discretion was properly exercised in the instant case. The court considered the pertinent statutory factors (*see*, Domestic Relations Law § 236 [B] [6] [a]) and fashioned a fair and equitable award (*see, Hartog v Hartog*, 85 NY2d 36, 52). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Divorce.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.