■ BRUCE R. MADONNA, Appellant, v BARBARA A. MADONNA, Respondent. [697 NYS2d 119] —In a matrimonial action in which the parties were previously divorced, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Costello, J.), dated February 20, 1998, which, after a hearing on the economic issues of the marriage, *inter alia*, awarded each party 50% of the $95,000 increase in the value of the marital residence, award the defendant 50% of the plaintiff's pension earned during the marriage, and awarded the defendant 9% interest per annum from June 30, 1993, on her share of the increase in value of the marital residence, based on the defendant's loss of use of the money due to the delay in the payment to her of that money.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting therefrom the phrase "9% per annum" and by substituting therefor the phrase "4$^{1}/_{2}$% per annum"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

It is well settled that the Supreme Court has broad discretion in accepting or rejecting all or part of any expert testimony (*see, Matter of Adirondack Hydro Dev. Corp. v Warrensburg Bd. & Paper Corp.*, 205 AD2d 925, 926; *Hoyt v Hoyt,* 166 AD2d 800, 802; *Oswald v Oswald,* 154 AD2d 817). The determination by the Supreme Court of the value of the marital residence in 1986 and 1993, which incorporated expert testimony, was supported by the record and therefore was not an improvident exercise of discretion.

The Supreme Court had the authority to award interest in this matter and to set the rate at 9% per annum pursuant to CPLR 5004 (*see, Selinger v Selinger,* 232 AD2d 471). However, the rate of 9% per annum is not mandatory (*see, Rodriguez v New York City Hous. Auth.,* 91 NY2d 76), and, as a matter of discretion in the interest of justice, we lower the rate to 4$^{1}/_{2}$% per annum.

Contrary to the plaintiff's contention, he did not show that the defendant's conduct during this action was willful or contumacious. Therefore, the drastic remedy of preclusion of evidence was not warranted (*see,* CPLR 3126; *Maillard v Maillard,* 243 AD2d 448).

The plaintiff's remaining contentions are without merit. Joy, J. P., Friedmann, Schmidt and Smith, JJ., concur.