■ LAURA MAZZONE, Respondent, v CLAUDIO MAZZONE, Appellant. [736 NYS2d 683] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Harkavy, J.), dated September 5, 2000, as (a) directed him to pay to the plaintiff lifetime maintenance in the sum of $550 per week, counsel fees and expenses in the sum of $12,000, and the sum of $17,500 as the plaintiff's share of the parties' joint checking and savings accounts, (b) awarded the plaintiff exclusive occupancy of the marital residence until either the 18th birthday of the parties' daughter or sooner if otherwise emancipated, and (3) directed that all of the household furnishings are property of the plaintiff and remain in the marital residence.

Ordered that the judgment is modified, by deleting the thirteenth decretal paragraph thereof awarding the plaintiff

counsel fees and expenses in the sum of $12,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

It is axiomatic that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts (*see, Sperling v Sperling,* 165 AD2d 338; *Petrie v Petrie,* 124 AD2d 449). The Supreme Court providently exercised its discretion in awarding the 37-year-old plaintiff nondurational maintenance in the sum of $550 per week. The plaintiff established that she is disabled to the extent that she collects Social Security Disability and is unable to sit or stand for long periods of time. The Supreme Court correctly determined that an important factor which needed to be considered was the parties' respective current and future abilities to be self-supporting (*see, McCarthy v McCarthy,* 156 AD2d 346; *see also, Sperling v Sperling, supra,* at 341), and the plaintiff adequately demonstrated that she is disabled to the extent that she is incapable of returning to her previous profession as a legal secretary in the foreseeable future, if at all.

With respect to the Supreme Court's determination to award the plaintiff exclusive occupancy of the marital residence, the defendant "failed to establish that he was in immediate need of the proceeds of the sale of the former marital residence, that comparable housing was available to the [plaintiff] in the same area at a lower cost, or that the parties were financially incapable of maintaining the residence" (*Waldmann v Waldmann,* 231 AD2d 710, 711). Thus, the Supreme Court providently exercised its discretion in directing that the plaintiff retain exclusive occupancy of the marital residence with the parties' minor daughter until the child reaches the age of 18 years or is otherwise emancipated.

The defendant correctly contends, however, that the Supreme Court erred in awarding the plaintiff counsel fees and expenses in the sum of $12,000. The record is devoid of proof regarding the amount of time the plaintiff's attorney spent on the case, the hourly rate for such time, or the nature and extent of the services rendered to the plaintiff (*see,* Domestic Relations Law § 237 [a]). In light of this absence, the trial court erred in awarding the plaintiff $12,000 in counsel fees and expenses since she failed to establish her entitlement thereto (*see, Beece v Beece,* 289 AD2d 352; *Chadwick v Chadwick,* 256 AD2d 1211; *Matthews v Matthews,* 238 AD2d 926; *Moses v Moses,* 231 AD2d 850).

The defendant's remaining contentions are without merit. Smith, J.P., Friedmann, Adams and Townes, JJ., concur.