■ JASWANT SINGH, Respondent, v KARMJIT KAUR, Appellant. [743 NYS2d 284] —In a matrimonial action in which the parties were divorced by a judgment dated December 28, 1998, the defendant appeals from an order of the Supreme

Court, Kings County (Marks, J.H.O.), dated November 28, 2001, which, after a hearing, denied her motion to vacate the judgment of divorce.

Ordered that the notice of appeal from a decision of the same court dated March 21, 2001, is deemed a premature notice of appeal from the order (*see* CPLR 5520 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The parties were granted a judgment of divorce in December 1998, based in part on an affidavit by the defendant in which, inter alia, she admitted service, waived her right to answer the complaint, and admitted the allegation of abandonment. In January 2001 the defendant moved to vacate the judgment of divorce on the ground that she was never served with the summons in the action and that the papers submitted in connection with the action contained false statements. More specifically, the defendant contended that her signature on the affidavit, in which she admitted service, was a forgery. After a hearing, the Judicial Hearing Officer (hereinafter the J.H.O.) denied the defendant's motion.

The affidavit purportedly signed by the defendant is, on its face, properly subscribed and bears the acknowledgment of a notary public. A presumption of due execution therefore applies, which may be rebutted only by clear and convincing evidence (*see Chianese v Meier,* 285 AD2d 315, 320; *Demblewski v Demblewski,* 267 AD2d 1058). The J.H.O.'s determination that the defendant failed to establish her claim of forgery is supported by the record and should not be disturbed, particularly as the determination was based in large part on a determination of the credibility of the witnesses (*see Adinolfi v Adinolfi,* 242 AD2d 311).

The J.H.O. found that the testimony of the attorney who notarized the defendant's affidavit was credible with respect to the circumstances surrounding its execution, while the defendant's claim that she did not understand English lacked credibility. Furthermore, the defendant claimed in her motion papers that she did not see the papers in the divorce action containing her signature until December 1, 2000, and that the divorce was granted without her knowledge. However, the defendant brought a habeas corpus petition in the Family Court in November 1999 in which she sought to enforce the custody provision of the divorce decree. Under the circumstances, the J.H.O. properly concluded that the defendant failed to present evidence which would warrant vacating the judgment of divorce.

The defendant's remaining contentions are without merit. Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.