■ DEBRA REYNOLDS, Respondent, v DOUGLAS REYNOLDS, Appellant. [753 NYS2d 106] —In a matrimonial action in which the parties were divorced by judgment dated May 19, 1999, the defendant former husband appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 13, 2001, as granted that branch of the motion of the plaintiff former wife which was for leave to enter a judgment in the sum of $13,725, representing arrears of child support and child care expenses through June 8, 2001, awarded her an attorney's fee in the sum of $1,500, and denied his cross motion for a downward modification of his child support obligation.

Ordered that the order is modified, on the law, and as a matter of discretion, by deleting the provisions thereof awarding the plaintiff an attorney's fee in the sum of $1,500, and denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the defendant's cross motion.

The defendant agreed to pay $400 per week in child support when the parties executed a stipulation of settlement in their divorce proceeding. At that time the defendant had recently

lost a job where he earned approximately $96,000 per year. While the defendant was thereafter able to secure another job, it was for substantially less annual income than he earned in his previous position. Ultimately, the defendant began to fall behind in his support payments, and when the plaintiff brought this motion, inter alia, for leave to enter a judgment in the sum of $13,725, representing arrears of child support child care expenses through June 8, 2001, the defendant cross-moved for a downward modification of his child support obligation.

The Supreme Court determined, without a hearing, held that the defendant was not entitled to a reduction in child support.

A parent's loss of employment may constitute a change of circumstances warranting a downward modification where he or she has diligently sought re-employment (*see Matter of Meyer v Meyer*, 205 AD2d 784). In this case, the defendant had already lost his higher-paying job when he agreed to pay $400 in weekly child support. Therefore, at the time the defendant sought downward modification, the loss of that job could not accurately be characterized as a change in circumstances. Nevertheless, the defendant argues that when he executed the stipulation, the parties anticipated that he would be become re-employed at a similar salary, but that he was unable to do so and thus his child support obligation should be modified.

On the record before us, it cannot be determined whether the defendant made a good-faith effort to obtain employment which would have been financially comparable to the job he held shortly before the divorce (*see Kay v Kay*, 37 NY2d 632; *Matter of Fries v Price-Yablin*, 209 AD2d 1002), and consequently, whether his current salary represents a change of circumstances sufficient to warrant a downward modification of his child support obligation. Accordingly, the matter must be remitted for a hearing regarding the defendant's cross motion for a reduction in child support (*see Stedfelt v Stedfelt*, 258 AD2d 642; *Schnoor v Schnoor*, 189 AD2d 809).

The plaintiff was not entitled to an award of an attorney's fee. Under the parties' stipulation of settlement the plaintiff was to have provided the defendant with notice of default, i.e., that he was in violation of the agreement for his failure to pay child support, in order to obtain an award of a reasonable attorney's fee from the defendant (*see Dallin v Dallin*, 225 AD2d 728). The defendant never received any notice of default. Moreover, for a party to be entitled to an award of counsel fees, there must be sufficient documentation to establish the value of the services performed (*see Sloam v Sloam*, 185 AD2d 808;

*Koral v Koral,* 185 AD2d 298). The affidavit of the plaintiff's attorney in support of her motion was insufficient to meet this burden. In light of the foregoing, the plaintiff was not entitled to an award of an attorney's fee for making her motion.

The plaintiff's remaining contentions are without merit. Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.