██ ELLEN G. MARSHALL, Respondent, v JOHN MARSHALL, Appellant. [767 NYS2d 54]—

In a matrimonial action in which the parties were divorced by judgment entered December 6, 2001, the defendant former husband appeals, as limited by his notice of appeal and brief, from stated portions of an order of the Supreme Court, Nassau County (Marano, J.), dated August 6, 2002, which, inter alia, granted those branches of the motion of the plaintiff former wife which were for leave to enter money judgments against him for accrued arrears due pursuant to the judgment of divorce and for $60,000 owed to the custodial account of the parties' daughter, and for an award of counsel fees, and denied, without a hearing, that branch of his cross motion which was to terminate child support based upon the conduct of the parties' daughter.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting that branch of the plaintiff's motion which was for an award of counsel fees and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

There is no merit to the defendant's contention that the Supreme Court improperly denied that branch of his cross motion which was to terminate his child support obligation for the parties' daughter. Domestic Relations Law § 241 provides a basis for the prospective suspension of child support where the custodial parent receiving such support interferes with the visitation rights of the noncustodial parent (*see Doyle v Doyle*, 198 AD2d 256 [1993]). Here, however, the defendant did not allege that the plaintiff interfered with his visitation rights, and there is no evidence in the record to support any such claim. Nor is there any merit to the defendant's contention that he provided prima facie evidence warranting a hearing on his claim of constructive emancipation.

The judgment of divorce states that "the plaintiff and defendant are directed to each pay $30,000 for the $60,000 borrowed from the daughter's [custodial] account." Those payments were to be made out of a lump-sum payment of $130,000 owed to the defendant by a third party. In opposition to that branch of the plaintiff's motion which was for leave to enter a money judgment for the $60,000 payable to the daughter's custodial account, the defendant claimed that the lump sum received from the third party was "disbursed from my checking account for regular business and personal expenses." He failed to raise an issue of whether he in fact received the $130,000 owed to him by the third party. Accordingly, the Supreme Court properly granted leave to enter judgment against him for $60,000.

However, the Supreme Court erred in awarding counsel fees to the plaintiff, as there is no documentation of the value of the services performed by her attorney nor was any hearing conducted on the value of the services performed (*see Reynolds v Reynolds*, 300 AD2d 645, 646 [2002]; *Sloam v Sloam*, 185 AD2d 808, 810 [1992]).

The defendant's remaining contentions either are without merit or not properly before this Court. Goldstein, J.P., Adams, Townes and Mastro, JJ., concur.

■ Ellen G. Marshall, Respondent, v John Marshall, Appellant. [766 NYS2d 591]—In a matrimonial action in which the parties were divorced by judgment entered December 6, 2001, the defendant former husband appeals, as limited by his brief,