In the Matter of KATHLEEN DOHERTY-McCAULEY, Respondent, v JOSEPH PATCHEN, Appellant. [795 NYS2d 675]—

In a child support proceeding pursuant to Family Court article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Westchester County (Furman, S.M.), dated September 5, 2003, as, after a hearing, granted his cross petition for a downward modification of his child support obligation only to the extent of granting a temporary downward modification and otherwise denied his cross petition and

reinstated his child support obligation in the sum of $800 per month effective September 1, 2003, (2) an order of commitment of the same court (Edlitz, J.), dated October 24, 2003, and (3), as limited by his brief, from so much of an order of the same court (Edlitz, J.), dated February 25, 2004, as, in effect, confirmed so much of the order September 5, 2003, as granted his cross petition for a downward modification of his child support obligation only to the extent of granting a temporary downward modification and otherwise denied his cross petition and reinstated his child support obligation in the sum of $800 per month effective September 1, 2003.

Ordered that the appeal from the order dated September 5, 2003, is dismissed, without costs or disbursements, as that order was superseded by the order dated February 25, 2004; and it is further,

Ordered that the appeal from the order dated October 24, 2003, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order dated February 25, 2004, is affirmed insofar as appealed from, without costs or disbursements.

On May 28, 2003, the mother filed a petition to hold the father in contempt, claiming that he willfully violated an order of the Family Court dated April 5, 2000, directing him to make child support payments in the sum of $800 a month. The father filed a cross petition for a downward modification of his child support obligation. After a hearing, by order dated September 5, 2003, the Support Magistrate granted a temporary downward modification from the sum of $800 to the sum of $544 per month, due to the father's partial disability, effective retroactively to April 1, 2003, and otherwise denied the cross petition and reinstated the support obligation in the sum of $800 per month effective September 1, 2003. By order dated February 25, 2004, the Family Court, inter alia, in effect, confirmed the order dated September 5, 2003. On appeal, the father contends that the Family Court erred in confirming so much of the order as denied his cross petition for a downward modification of his child support obligation in the sum of $800 per month.

"While it is well settled that a court may determine a child support obligation on the basis of a party's earning potential, rather than the party's current economic situation, the calculation of the party's earning potential must have some basis in law and fact" (Petek v Petek, 239 AD2d 327, 328 [1997] [citations omitted]). The Family Court, in determining that it would reinstate the petitioner's obligation of child support in the sum of $800 per month, considered, inter alia, the petitioner's physi-

cal condition, recent employment, and prospects for future employment. Florio, J.P., Adams, Luciano and Skelos, JJ., concur.