■ Eva Ferro, Appellant, v William Ferro, Respondent.
[796 NYS2d 165]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Dorsa, J.), dated October 27, 2003, as, after a nonjury trial, awarded her supervised visitation with the parties' children, denied her an award of maintenance, and directed her and the defendant to pay equal shares of the Law Guardian's fee from each party's share of the proceeds of the sale of the marital residence.

Ordered that the appeal from so much of the order as awarded supervised visitation is dismissed, without costs or disbursements, as academic in light of a subsequent order of the same court dated January 31, 2005, which granted the appellant unsupervised visitation; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

"It is axiomatic that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts" (*Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]). In the instant case, the Supreme Court properly evaluated the request for maintenance in accordance with the factors enumerated in Domestic Relations Law § 236. As the Supreme Court awarded custody to the respondent, with the appellant responsible for child support, and as the appellant failed to sufficiently demonstrate that her disability prevented her from earning a living as

an attorney, the Supreme Court properly denied her an award of maintenance.

The judgment of divorce directed, inter alia, that the marital residence be sold, with the proceeds to be divided equally between the parties. Accordingly, the Supreme Court properly directed the parties to pay equal shares of the Law Guardian's fee from each party's share of these proceeds (*see Rupp-Elmasri v Elmasri*, 8 AD3d 464 [2004]; *cf. Klutchko v Baron*, 1 AD3d 400, 405 [2003]). H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.