■ JOEL HAMROFF, Appellant, v DARLENE HAMROFF, Respondent. [826 NYS2d 389]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (LaMarca, J.), entered May 13, 2005, as, after a nonjury trial, awarded the defendant maintenance in the sum of $500 per week until she reaches the age of 65, awarded the defendant 40% of the appreciated value of the businesses known as Magill Associates, Inc., Magill Enterprises, Inc., and Magill Medical Staffing, Inc., and directed payment of the distributive award within seven years, with postjudgment interest at the rate of 3% per annum.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Throughout the parties' 14-year marriage, the defendant worked in the businesses incorporated immediately prior to the marriage, in which the plaintiff served as chief executive officer. For much of that time, the defendant received no compensation. In 1999 she was fired by the plaintiff, who then commenced this action for a divorce.

Contrary to the plaintiff's contention, the trial court properly awarded the defendant maintenance in the sum of $500 per week until she reaches the age of 65. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court (*see Fridman v Fridman*, 301 AD2d 567 [2003]; *Ferraro v Ferraro*, 257 AD2d 596 [1999]). In light of the defendant's age, health, and educational background, the award of maintenance in this case was a proper exercise of the trial court's discretion (*see Wortman v Wortman*, 11 AD3d 604 [2004]; *Ventimiglia v Ventimiglia*, 307 AD2d 993, 995 [2003]; *Chalif v Chalif*, 298 AD2d 348 [2002]). The trial court also properly awarded the defendant 40% of the appreciated value of the businesses which were marital property in light of her direct and indirect contributions to their success (*see Ventimiglia v Ventimiglia, supra; Wagner v Dunetz*, 299 AD2d 347, 349 [2002]; *Chalif v Chalif, supra* at 349; *Granade-Bastuck v Bastuck*, 249 AD2d 444 [1998]).

The award of 3% post-judgment interest on the distributive award, which could have been as high as 9%, was a proper exercise of the trial court's discretion (*see* CPLR 5003, 5004; *Madonna v Madonna*, 265 AD2d 455 [1999]), as was the directive that the award be paid within seven years. In calculating the distribution of the award, the trial court was not required to consider the tax consequence of the sale of assets where there was no evidence that sale of any assets was expected (*see Atwal v Atwal*, 270 AD2d 799 [2000]; *Waldman v Waldman*, 196 AD2d 650 [1993]).

The plaintiff's notice of appeal specified that the appeal was limited to certain portions of the judgment. Issues raised in the plaintiff's brief relating to other portions of the judgment are not properly before us (*see Royal v Brooklyn Union Gas Co.*, 122 AD2d 132 [1986]).

In light of her failure to file a notice of appeal from the judgment, the defendant's contention regarding her request for an attorney's fee, which was denied by the Supreme Court, is not properly before this Court (*see* CPLR 5515; *Matter of Kirdahy v Scalia*, 301 AD2d 525 [2003]; *Bruenn v Pawlowski*, 292 AD2d 856 [2002]). Adams, J.P., Ritter, Fisher and Covello, JJ., concur.