■ STACEY L. BRIAN, Respondent, v DAVID A. BRIAN, Appellant. [829 NYS2d 591]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Brands, J.), dated May 16, 2005, as, upon a decision of the same court dated March 25, 2005, made after a nonjury trial, awarded the defendant child support in the amount of only $1,212 per month and failed to award him maintenance.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

In determining a party's obligation to provide child support, the trial court may impute income based upon the party's past income or demonstrated earning potential (*see Nebons v Nebons,* 26 AD3d 478 [2006]; *Kalish v Kalish,* 289 AD2d 202 [2001]; *Zabezhanskaya v Dinhofer,* 274 AD2d 476, 477 [2000]; *Mellen v Mellen,* 260 AD2d 609 [1999]). Under the circumstances here, the court properly found that the plaintiff's decision to accept a full-time nursing position at a lower salary than her previous position was involuntary.

In declining to award the defendant maintenance, the court properly considered, inter alia, the age and health of both parties, their respective income, property, and earning capabilities, the ability of the party seeking maintenance to become self-supporting as well as his contributions to the other party's career, tax consequences, the presence of children, and wasteful dissipation of marital assets (*see* Domestic Relations Law § 236 [B] [6] [a]; *Ferro v Ferro,* 19 AD3d 363 [2005]). There was no support in the record for finding that an award of maintenance was needed to maintain the pre-divorce lifestyle (*see Hathaway v Hathaway,* 16 AD3d 458, 460 [2005]).

Moreover, since the court had the opportunity to observe the parties and to assess their credibility (*see Virgintino v Virgintino,* 289 AD2d 399 [2001]; *Singh v Kaur,* 294 AD2d 562 [2002]), we find no basis for disturbing those determinations based on credibility.

The defendant's remaining contentions are without merit. Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.