■ ANDREW MORA, Appellant-Respondent, v THERESA MORA, Respondent-Appellant. [835 NYS2d 626]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Queens County (Geller, R.), entered May 9, 2005, which, upon a decision of the same court dated December 17, 2004, made after a nonjury trial, and, upon, in effect, the denial of his application for a downward modification of his pendente lite maintenance obligations, inter alia, awarded maintenance arrears to the wife, equitably distributed the husband's deferred compensation and pension accounts, and awarded the wife an attorney's fee, and the wife cross-appeals from so much of the judgment as, in effect, failed to award her prospective maintenance and counsel fees.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The judgment of the Supreme Court directed distribution of the husband's pension according to the equitable distribution formula articulated in *Majauskas v Majauskas* (61 NY2d 481 [1984]), pursuant to the parties' stipulation, which was placed on the record in open court. To the extent the husband contends that the judgment inaccurately reflects the parties' agreement, his objection is not preserved for appellate review since he failed either to submit a proposed judgment within 60 days of the order directing settlement, or to object to the portion of the proposed judgment submitted by the wife (*see* 22 NYCRR 202.48; *Salamone v Wincaf Props.,* 9 AD3d 127 [2004]; *cf. Rouleau v La Pointe,* 11 AD3d 773, 774 [2004]). In any event, the judgment is consistent with the clear intent of the parties, as expressed in the agreement placed on the record, that the husband's vested pension rights would be divided pursuant to the *Majauskas* formula (*see McCoy v Feinman,* 99 NY2d 295, 302 [2002]; *Dolan v Dolan,* 78 NY2d 463, 466 [1991]; *Majauskas v Majauskas, supra* at 490).

Nor has the husband demonstrated that the Supreme Court improvidently exercised its discretion by, in effect, denying his application for a downward modification of his spousal maintenance obligation, which was fixed in the sum of $400 per month. Since the husband did not show a substantial change in circumstances since the issuance of the pendente lite order, the Supreme Court properly denied his application and directed him to pay accumulated arrears (see Domestic Relations Law § 236 [B] [9] [b]; *Perell v Krause,* 277 AD2d 213 [2000]; *Forester v Forester,* 234 AD2d 263 [1996]).

With respect to the wife's application for a prospective award of spousal maintenance, the Supreme Court did not improvidently exercise its discretion in determining, upon consideration of all the unique facts of the case, that the husband's obligation to pay maintenance terminated three years after the date of the pendente lite order, or on May 31, 2005 (see *Brian v Brian,* 36 AD3d 847 [2007]; *Ferro v Ferro,* 19 AD3d 363 [2005]; *Mazzone v Mazzone,* 290 AD2d 495, 496 [2002]). "It is axiomatic that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts" (*Mazzone v Mazzone, supra* at 496). In declining to award the wife prospective maintenance beyond that date, the court properly considered, inter alia, the wife's capacity to earn a living as a computer specialist despite her disability, that she had been awarded maintenance during the pendency of the action, and that the husband is responsible for the support of the parties' two children of whom he has custody, and that his income was insufficient for him to provide for his own and their needs without assistance from his mother (see Domestic Relations Law § 236 [B] [6] [a]; *Ferro v Ferro, supra; Kret v Kret,* 222 AD2d 412 [1995]).

Finally, considering the parties' relative circumstances and all relevant factors, the Supreme Court did not improvidently exercise its discretion in enforcing, by inclusion in the judgment, the provision of the pendente lite order which awarded the wife the sum of $2,000 in attorney's fees, and in denying the wife's application for an additional award of attorney's fees (see *O'Shea v O'Shea,* 93 NY2d 187, 193 [1999]). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.