■ JOSEPH ALTMANN, Respondent, v MARY ELLEN FINGER, Appellant. (Action No. 1.) MARY ELLEN FINGER, Appellant, v JOSEPH ALTMANN, Respondent, et al., Defendants. (And a Third-Party Action.) (Action No. 2.) [848 NYS2d 698]—In related actions, inter alia, for a divorce and ancillary relief and to recover damages for fraud, Mary Ellen Finger appeals, (1), as limited by her brief, from so much of a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated June 13, 2006, as, directed that "any and all . . . past causes of action against all parties to these actions" were resolved, and that the parties "agree[d] to discuss the establishment of a non-binding trust agreement to provide for their children's college education and medical expenses," (2) from an order of the same court, dated August 16, 2006, which granted the cross motion of Joseph Altmann for the imposition of a sanction against her in the sum of $5,000, and (3) from a judgment of the same court entered December 13, 2006, which, upon the order dated August 16, 2006, is in favor of Joseph Altmann and against her in the sum of $5,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment dated June 13, 2006 is affirmed insofar as appealed from; without costs or disbursements; and it is further,

Ordered that the judgment entered December 13, 2006 is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the cross motion for the imposition of a sanction is denied, and the order dated August 16, 2006 is modified accordingly.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment entered December 13, 2006 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment entered December 13, 2006 (see CPLR 5501 [a] [1]).

Mary Ellen Finger contends that the judgment dated June 13, 2006 inaccurately reflects the parties' agreement insofar as it directed them to discuss the establishment of a nonbinding trust agreement to provide for their children's future college and medical expenses. Her contention is unpreserved for appellate review, however, since she failed to object to that portion of the proposed judgment submitted by Joseph Altmann (see Mora

*v Mora*, 39 AD3d 829 [2007]). In any event, the judgment reflects the clear intent of the parties, as expressed in the stipulation placed on the record in open court on May 8, 2006 (hereinafter the stipulation), that Altmann and Finger agreed to discuss the establishment of a nonbinding trust for their children. Moreover, contrary to Finger's contention, that portion of the judgment which directed that "any and all . . . past causes of action against all parties to these actions" were resolved is also consistent with the clear intent of the parties, as reflected in the terms of the stipulation (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Mora v Mora*, 39 AD3d at 829).

We agree with Finger, however, that under the circumstances presented, the Supreme Court improvidently exercised its discretion in granting Altmann's cross motion for the imposition of a sanction against Finger for frivolous conduct (*see* 22 NYCRR 130-1.1 [c]).

The parties' remaining contentions are without merit. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.