In an action for a divorce and ancillary relief, the defendant *640 former wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Sherwood, J.), entered August 29, 2006, which, upon an order of the same court dated October 4, 2005, granting, without a hearing, the motion of nonparty Kim M. Rayner, the attorney for the parties’ children, for the approval of fees, and, in effect, to direct her to pay 40% of those fees, and upon an order of the same court dated June 29, 2005, made after a hearing, as amended by an order of the same court entered August 29, 2006, imputing to her the sum of $65,000 in income for the purpose of determining her child support obligation, inter alia, directed the plaintiff to pay child support to her in the sum of only $1,986 per month, failed to award child support retroactive to January 2003, directed the plaintiff to pay her the sum of only $35,000 as an attorney’s fee, payable at an annual interest rate of only 6%, awarded fees to Kim M. Rayner, and directed her to pay 40% of those fees.
Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff former husband and the defendant former wife were divorced on August 15, 2006. There were two children born of the marriage.
By notice of motion dated May 10, 2005, nonparty Kim M. Rayner, the attorney for the parties’ children, moved for approval and an award of fees incurred during her representation of the parties’ children. Contrary to the defendant’s contention, the Supreme Court properly approved and awarded fees to Rayner, without conducting an evidentiary hearing. Where, as here, a parent “neither objected to the court’s decision to resolve the motion for an award of an attorney’s fee on the papers submitted, nor requested an evidentiary hearing on the issue [that party has] waived his [or her] right to a hearing on the matter” (Messinger v Messinger, 24 AD3d 631, 632 [2005]; see Pedreira v Pedreira, 34 AD3d 225 [2006]; Bengard v Bengard, 5 AD3d 340, 341 [2004]). Moreover, the Supreme Court’s allocation here of responsibility for the fees of the attorney for the parties’ children was based on a consideration of the financial circumstances of the parties, and was not an improvident exercise of discretion (see Bluemer v Bluemer, 47 AD3d 652, 653 [2008]; Rupp-Elmasri v Elmasri, 8 AD3d 464 [2004]; Pascarelli v Pascarelli, 283 AD2d 472 [2001]). The defendant’s remaining contentions regarding the award of Rayner’s fees are not properly before this Court.
Prior to the dissolution of the marriage, the Supreme Court conducted a full hearing on the ancillary financial issues. This
*641 Court’s authority to review a determination made after a nonjury trial is as broad as that of the hearing court (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). In reviewing such a determination, this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial judge had the advantage of seeing the witnesses (id. at 499). We find no basis in the record to disturb the Supreme Court’s determination.
The defendant contends that, in determining the parties’ child support obligations, the Supreme Court improperly imputed to her the sum of $65,000 in income. Although a court may depart from a party’s reported income and impute income based on the party’s past income or earning potential, such a determination must be grounded in law and fact (see Embury v Embury, 49 AD3d 802, 804 [2008]; Matter of Doherty-McCauley v Patchen, 18 AD3d 660, 661 [2005]). The evidence adduced at the hearing, including the defendant’s W-2 forms, tax returns, educational background, and employment history, supported the Supreme Court’s imputation of income to her, based upon her past income and demonstrated earning potential (see Chamberlain v Chamberlain, 24 AD3d 589, 594 [2005]; see also Brian v Brian, 36 AD3d 847 [2007]; Rand v Rand, 29 AD3d 976, 976-977 [2006]).
The award of an attorney’s fee is controlled by the circumstances of each particular case, and the court must consider the relative financial circumstances of the parties, the relative merit of their positions, and the tactics of a party in unnecessarily prolonging the litigation (see Domestic Relations Law § 237 [a], [d]; O’Shea v O’Shea, 93 NY2d 187, 193-194 [1999]; Kaplan v Kaplan, 51 AD3d 635, 637 [2008]). Contrary to the defendant’s contention, in light of the parties’ financial circumstances, the Supreme Court properly awarded her an attorney’s fee in sum of only $35,000 (see Domestic Relations Law § 237; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Marino v Marino, 52 AD3d 585, 585-586 [2008]; Messinger v Messinger, 24 AD3d 631, 632 [2005]). While the Supreme Court had the authority to award interest on that award at the rate at 9% per annum pursuant to CPLR 5004, the award of interest at the rate of 6% per annum was a provident exercise of the court’s discretion (see CPLR 5003; Hamroff v Hamroff, 35 AD3d 365, 366 [2006]; see also Madonna v Madonna, 265 AD2d 455 [1999]).
The Supreme Court was not required to apply the statutory percentages found in the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) to the entire amount of combined *642 family income over the sum of $80,000 (see Ochs v Ochs, 40 AD3d 1061, 1062 [2007]). Under the circumstances, the court properly established the plaintiffs child support obligation through the application of both the statutory percentage and the factors set forth in Domestic Relations Law § 240 (1-b) (f) (see Jordan v Jordan, 8 AD3d 444, 445 [2004]).
The defendant’s remaining contentions are without merit. Mastro, J.E, Skelos, Balkin and Belen, JJ., concur.