SECOND DEPARTMENT, DECEMBER, 2016

(December 7, 2016)

◼ SUSAN ACKERMAN, Respondent, v STANLEY F. MIDURA, Appellant. [43 NYS3d 424]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), dated June 30, 2014. The order, insofar as appealed from, granted the plaintiff's motion for an award of attorneys' fees to the extent of awarding her the sum of $34,769.80 for attorneys' fees and reimbursing her $3,510 for fees paid to the attorney for the child.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into a stipulation of settlement as to custody and visitation dated March 25, 2009, which was incorporated but not merged into their judgment of divorce dated May 28, 2009. In an order dated March 28, 2011, the

Family Court granted the plaintiff's motion to hold the defendant in civil contempt for his failure comply with the stipulation. By orders to show cause dated July 16, 2012, and January 19, 2013, respectively, the plaintiff again moved, this time in the Supreme Court, to hold the defendant in civil contempt for his violation of the stipulation. The orders to show cause were resolved by a so-ordered stipulation of settlement dated February 17, 2014, in which the parties agreed that the defendant's conduct constituted "willful contempt," that the punishment for the defendant's contempt would be suspended, and that the issue of attorneys' fees would be "decided upon submission on motion to the court." The plaintiff then moved for an award of attorneys' fees in the sum of $53,492.82 pursuant to, inter alia, the February 17, 2014, stipulation, Judiciary Law § 773, and Domestic Relations Law § 238, and for reimbursement of $3,510 for fees paid to the attorney for the child. The Supreme Court granted the motion to the extent of awarding the plaintiff $34,769.80 in attorneys' fees and awarding her reimbursement of $3,510 in fees for the attorney for the child. The defendant appeals.

The Supreme Court providently exercised its discretion in awarding the plaintiff attorneys' fees (*see Mollah v Mollah*, 136 AD3d 992, 994 [2016]; *Le v Le*, 82 AD3d 846, 846 [2011]). We note that the plaintiff has not cross-appealed and, therefore, we review the amount of the award solely to determine whether it was excessive (*see* CPLR 5501; *Hecht v City of New York*, 60 NY2d 57, 61-62 [1983]). The detailed billing records submitted by the plaintiff's counsel establish that the legal fees were reasonable and directly related to the defendant's contemptuous conduct, and the amount of the award did not constitute an improvident exercise of discretion (*see Matter of Gonnard v Guido*, 141 AD3d 649, 650 [2016]; *Pelgrim v Pelgrim*, 127 AD3d 710, 714 [2015]). Further, the award of reimbursement for fees paid to the attorney for the child was not improper.

The defendant's remaining contentions are without merit. Rivera, J.P., Austin, Roman and Connolly, JJ., concur.