■ LINDA MASSINA, Also Known as LINDA SHORT, Respondent, v ROBERT A. MASSINA, Appellant. [52 NYS3d 409]—

Appeal by the defendant from an order of the Supreme Court, Suffolk County (Marlene L. Budd, J.), dated March 23, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for child support arrears and adoptive child subsidy payment arrears to the extent of awarding her the sum of $14,372.03, and for an award of counsel fees to the extent of awarding her the sum of $3,500.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for an award of counsel fees is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The parties were divorced pursuant to a judgment entered April 2, 2002, which incorporated but did not merge their stipulation of settlement dated July 6, 2001. Pursuant to the stipulation, the defendant was required to pay child support for the parties' three children. The amount of support was to be adjusted each year based on the percentage increase, if any, in the Consumer Price Index (hereinafter CPI) for New York City. Pursuant to an agreement between the parties signed on December 1, 2006, and a consent order dated September 5, 2007, the parties agreed to equally split adoptive child subsidy (hereinafter ACS) payments they receive on behalf of their adopted son. The plaintiff further acknowledged in the December 1, 2006, agreement that she had received, on that date, an increased payment in the amount of $1,666.36, which represented the monthly child support payment that would be due for each month in the year 2007, inclusive of the increase based on the CPI.

The plaintiff moved, inter alia, to hold the defendant in contempt for his willful failure to pay child support and her share of the ACS payments, to determine child support and ACS arrears, to recalculate the defendant's child support obligations de novo based upon the emancipation of the parties'

oldest child, and for an award of counsel fees. The defendant opposed the motion, claiming that although he owed the plaintiff for the ACS payments, the plaintiff owed him money since he had overpaid child support.

The Supreme Court issued an order based on the parties' written submissions without holding a hearing. In its order, the court, inter alia, determined that the defendant owed the sums of $9,275.91 in child support arrears and $5,096.12 in ACS arrears, and awarded the plaintiff the sum of $3,500 in counsel fees. The defendant appeals.

The Supreme Court erred in granting those branches of the plaintiff's motion which were for child support and ACS arrears and directing the entry of a money judgment against the defendant without first conducting an evidentiary hearing to establish the amount owed, which was disputed by the defendant (see Matter of Malloy v O'Gorman, 139 AD3d 733, 735 [2016]; Miller v Miller, 18 AD3d 629, 629-630 [2005]; Palladino v Palladino, 264 AD2d 441, 442 [1999]). Moreover, the court erred in relying on the plaintiff's calculations for increases to annual child support in determining arrears since her calculations failed to reflect the correct increase for 2007 based upon the parties' agreement signed on December 1, 2006. As such, the plaintiff's calculations for each successive year's increase were rendered incorrect.

The Supreme Court erred in granting that branch of the plaintiff's motion which was for an award of counsel fees, as there was no documentation submitted of the value of services performed by her attorney (see Marshall v Marshall, 1 AD3d 323, 324 [2003]; Reynolds v Reynolds, 300 AD2d 645, 646 [2002]; cf. Ackerman v Midura, 145 AD3d 647, 648 [2016]). Here, the plaintiff sought an award of counsel fees in the sum of $5,000, and the court failed to explain how it determined that the "reasonable" fees incurred by the plaintiff amounted to the sum of $3,500, in light of the fact that the plaintiff's counsel failed to submit detailed billing records showing the legal services performed, and the time expended on each service (see Marshall v Marshall, 1 AD3d at 324; Reynolds v Reynolds, 300 AD2d at 646).

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine the amount of child support arrears and ACS arrears, if any. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.