Brinson v Brinson (2019 NY Slip Op 09127)





Brinson v Brinson


2019 NY Slip Op 09127


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


919 CA 19-00121

[*1]COLIN BRINSON, PLAINTIFF-RESPONDENT,
v
MELISSA BRINSON, DEFENDANT-APPELLANT. 
MELISSA BRINSON, PETITIONER-APPELLANT,
v
COLIN BRINSON, RESPONDENT-RESPONDENT. 






HAWTHORNE & VESPER, PLLC, BUFFALO (TINA M. HAWTHORNE OF COUNSEL), FOR DEFENDANT-APPELLANT AND PETITIONER-APPELLANT.
DEBORAH J. SCINTA, ORCHARD PARK, FOR PLAINTIFF-RESPONDENT AND RESPONDENT-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 23, 2018. The order and judgment, among other things, awarded plaintiff-respondent a money judgment against defendant-petitioner in the amount of $35,851.38. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by vacating the award of attorney's fees and as modified the order and judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant-petitioner (petitioner) appeals from an order and judgment that, inter alia, granted in part her petition seeking a downward modification of her child support obligation on the grounds that the parties' oldest child was emancipated and that she had lost her job; dismissed her supplemental petition seeking a downward modification of her child support obligation on the ground that two of the parties' other children were constructively emancipated; and granted in part the application of plaintiff-respondent (respondent) seeking, inter alia, child support arrears and counsel fees as provided for by the parties' judgment of divorce. 
We reject petitioner's contention that Supreme Court was required to apply a credit against her arrears for certain college expenses. "A credit against child support for college expenses is not mandatory but depends upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries" (Matter of DelSignore v DelSignore, 133 AD3d 1207, 1208 [4th Dept 2015] [internal quotation marks omitted]; cf. Wortman v Wortman, 11 AD3d 604, 607 [2d Dept 2004]). Petitioner failed to preserve her further contention that certain college expenses were duplicative of her child support obligation (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, her contention is without merit inasmuch as respondent was required to maintain the home for all four of the parties' children, including the oldest child, who returned home during school breaks (see DelSignore, 133 AD3d at 1208; Juhasz v Juhasz [appeal No. 2], 92 AD3d 1209, 1212 [4th Dept 2012]).
Contrary to petitioner's contention that she was denied her right to counsel, petitioner did not have a right to counsel in this matter (see Matter of Leonardo v Leonardo, 94 AD3d 1452, 1454 [4th Dept 2012], lv denied 19 NY3d 807 [2012]; Matter of Commissioner of Social Servs. [*2]of City of N.Y. v Remy K.Y., 298 AD2d 261, 262 [1st Dept 2002]; see generally Matter of Kissel v Kissel, 59 AD2d 1036, 1036 [4th Dept 1977]) inasmuch as respondent withdrew his request that she be held in contempt (see generally Kissel, 59 AD2d at 1036).
We reject petitioner's further contention that, because she disputed the alleged arrears, she was necessarily entitled to a hearing prior to the court's determination with respect thereto. Petitioner failed to raise a material issue of fact that would warrant a hearing inasmuch as she did not contest respondent's calculation of the arrears and instead contended only that he provided certain untimely and insufficient documentation of those arrears (cf. Burroughs v Burroughs, 262 AD2d 993, 993 [4th Dept 1999]).
Petitioner also contends that she was entitled to a hearing because two of the parties' children were constructively emancipated. We reject that contention. "[U]nder the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support" (Matter of Oneida County Dept. of Social Servs. v Christman, 125 AD3d 1409, 1410 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Burr v Fellner, 73 AD3d 1041, 1041 [2d Dept 2010]). Petitioner's contention is incorrect as a matter of law with respect to one of the children, who was only 16 years old and was therefore not " of employable age' " (Foster v Daigle, 25 AD3d 1002, 1005 [3d Dept 2006], lv dismissed 6 NY3d 890 [2006]). With respect to the other child, petitioner failed to establish, or even to allege, that the child had abandoned a relationship with petitioner by refusing all contact and visitation with her (see Christman, 125 AD3d at 1410).
We agree with petitioner, however, that the court should have conducted an evidentiary hearing before granting that part of respondent's application seeking an award of his attorney's fees inasmuch as respondent failed to furnish sufficient documentation of the value of the services performed by the attorney. We conclude that this issue is preserved inasmuch as petitioner contested previous requests for attorney's fees, at the final appearance respondent first requested the $3,000 in attorney's fees but submitted no supporting documentation, and petitioner was not afforded an adequate opportunity to dispute the same (see generally CPLR 5501 [a] [3]). " Attorney's fees should not be awarded without conducting a hearing or requiring proof by affidavit substantiating the attorney's fees requested' " (Moses v Moses, 231 AD2d 850, 850 [4th Dept 1996]; see Matthews v Matthews, 238 AD2d 926, 927 [4th Dept 1997]). An award for attorney's fees is improper absent documentation of the submitted value of the services performed (see Johnston v Johnston, 63 AD3d 1555, 1556 [4th Dept 2009]; Marshall v Marshall, 1 AD3d 323, 324 [2d Dept 2003]; cf. Ackerman v Midura, 145 AD3d 647, 648 [2d Dept 2016]). Thus, we conclude that "it was an abuse of discretion to award the amount of counsel fees requested, without affording [petitioner] the opportunity to elicit further information on the reasonable value of those services" (Matter of Kobel v Martelli, 112 AD2d 756, 757 [4th Dept 1985]). We therefore modify the order and judgment by vacating the award of attorney's fees, and we remit the matter to Supreme Court for a determination regarding attorney's fees based upon proper proof (see Matthews, 238 AD2d at 926; Moses, 231 AD2d at 850).
We have reviewed petitioner's remaining contentions and conclude that none requires reversal or further modification of the order and judgment.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court